612

63 So.2d 384

## CALDWELL v. STATE.
### 6 Div. 455.

Court of Appeals of Alabama.
Oct. 7, 1952.

Rehearing Denied Nov. 11, 1952.

See also 55 So.2d 211; 256 Ala. 466, 55 So. 2d 213.

Jerome Phillips and John T. Batten, Birmingham, for petitioner.

Si Garrett, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

PRICE, Judge.

Petitioner, Norma Burt Caldwell, was convicted of incest in the Circuit Court of Jefferson County, and was sentenced to imprisonment in the penitentiary for a term of seven years. An appeal was taken to this court and the case was affirmed on August 21, 1951. Ante, p. 229, 55 So.2d 211. Application for rehearing was overruled on October 2, 1951. Petition to the Supreme Court for writ of certiorari was stricken by that court on November 23, 1951. 256 Ala. 466, 55 So.2d 213.

Petitioner contends that the verdict of conviction was predicated upon the perjured testimony of the prosecutrix, Betty Ann Caldwell, petitioner's daughter, who was almost 18 years old at the time of trial. He alleges that the judgment of conviction was unlawfully and improperly obtained

through a dominating fraud; that intimidation of the witness, Betty Ann Caldwell, caused her to swear falsely, and without such false testimony there would have been no conviction.

A copy of an affidavit of Betty Ann Caldwell is made a part of the petition. She deposes in said affidavit that her testimony on the trial was false. She asserts that at one time before the trial she was in Juvenile Court and her father and mother were incarcerated in the county jail. At the time she testified in court she was confused, and understood if she did not testify as she did, that both affiant and her mother would be sent to the penitentiary. She now insists that she did not have relations with her father, as testified to by her at the trial.

The law is well settled that a writ of error coram nobis will not lie because of false testimony given at the trial, unless such false testimony was used by the State at the trial with knowledge that it was perjured testimony. Ex parte Gammon, 255 Ala. 502, 52 So.2d 369; Ex parte Burns, 247 Ala. 98, 22 So.2d 517; Pike v. State, 103 Fla. 594, 139 So. 196; Yon v. State, 138 Fla. 770, 190 So. 252.

The allegations of the petition before us do not make out a case which measures up to this principle. It is alleged that dominating fraud was practiced against petitioner and that the perjured testimony was obtained through intimidation of the witness, but it does not appear who was responsible for the fraud or the intimidation of the witness, nor is the nature of the fraud and intimidation set out. Nowhere is it alleged that the State's attorney knowingly introduced the said perjured testimony, nor is there any charge of wrongdoing on the part of any officer of the court. In fact, the contrary appears. In brief petitioner's counsel states: "It is a fact that the perjured testimony of Betty Ann Caldwell was not known at the time of the trial, either to the court or any official of the court; but first became known to Mr. Phillips, attorney for petitioner herein, when Betty Ann Caldwell, long after the trial and conviction, called him at his office

and apprised him that she wanted to come up to his office and make an affidavit showing that her testimony in the trial in the court below was perjured testimony, * * In the case at bar it is not alleged in the petition for writ of error coram nobis that perjured testimony was knowingly used by State law enforcement officers for the purpose of obtaining a conviction."

Moreover, the petition is entitled "petition for writ of error coram nobis" and purports to be in the nature of a petition for such writ. The prayer of the petition seeks relief which this court cannot grant.

A part of the relief prayed for is that this court "enter an order and judgment, setting aside and quashing the judgment rendered against your petitioner; that said cause be restored to the docket of the Circuit Court, Tenth Judicial Circuit of Alabama," etc.

It is not the province of this court to set aside and quash the judgment nor to restore the cause to the docket of the circuit court.

The law is that when the judgment of a trial court has been affirmed by this court, an application for writ of error coram nobis should not be made to the trial court until the permission of this court is first obtained to make such application. Ex parte Lee, 248 Ala. 246, 27 So.2d 147; Ex parte Burns, 247 Ala. 98, 22 So.2d 517; House v. State, 130 Fla. 400, 177 So. 705; Brown v. State, 32 Ala.App. 500, 27 So.2d 226; Cauley v. State, 34 Ala.App. 111, 37 So.2d 153; Lamb v. State, 91 Fla. 396, 107 So. 535.

The proper procedure is to petition this court for leave to file a petition for writ of error coram nobis, in the circuit court where the conviction was obtained, to review the judgment of conviction, and when such leave is given by this court, it merely authorizes the trial court to consider the application for the writ and to grant it, if in the judgment of the trial court a sufficient showing is made for granting it. Authorities cited, supra.

The petition is insufficient, and is denied.

Petition denied.