116 So.2d 395

**Ex parte Daniel W. FULLER.**

**6 Div. 665.**

Court of Appeals of Alabama.

March 3, 1959.

Rehearing Denied March 17, 1959.

Daniel W. Fuller, pro se.

John Patterson, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for the State.

PRICE, Judge.

Petitioner files a petition pro se for leave to petition the Circuit Court of Jefferson County, Alabama, where he was convicted of illegal possession of morphine, for a writ of error coram nobis to review that judgment. An appeal was taken to this court and judgment of conviction was affirmed. Fuller v. State, 39 Ala.App. 219, 96 So.2d 829.

The state has filed a motion to dismiss the petition and assigns the following grounds:

"1. For that it affirmatively appears that said petition is vague, uncertain, indefinite and unintelligible.

"2. For that it affirmatively appears that said petition fails to show that the state knowingly used any perjured or false testimony at the trial of said case, as required by law. Caldwell v. State, 36 Ala.App. 612, 63 So.2d 384.

"3. For that it affirmatively appears that said petition fails to aver any particular fact that was unknown to the petitioner, to his counsel and to the court at the time

**198**

of petitioner's conviction, which would have prevented the rendition of judgment, as required by law. Ex parte Lee, 248 Ala. 246, 27 So.2d 147, cert[iorari] den[ied] [Lee v. State,] 329 U.S. 808, [67 S.Ct. 621, 91 L.Ed. 690].

"4. For that it affirmatively appears that the petition fails to show that the alleged facts were unknown to the court and to the petitioner at the time of trial, and that, if known, would have prevented rendition of judgment, as required by law. Smith v. State, 245 Ala. 161, 16 So.2d 315.

"5. For that it affirmatively appears that the facts alleged by petitioner were known to him at the time of trial and were not brought to the court's attention through the petitioner's own negligence and, therefore, afford no ground for relief. Ex parte Taylor, 249 Ala. 667, 32 So.2d 659, affirmed 335 U.S. 252, [68 S.Ct. 1415, 92 L.Ed. 1935].

"6. For that it affirmatively appears that the petition fails to make adequate showing of substantiality of petitioner's claim to enable this Honorable Court to ascertain whether facts alleged would afford prima facie just ground for application to the circuit court, as required by law. Ex parte Lee, 248 Ala. 246, 27 So.2d 147, cert[iorari] den[ied] 329 U.S. 808, [67 S.Ct. 621, 91 L.Ed. 690].

"7. For that it affirmatively appears that said petition states mere conclusions as to the nature and effect of the facts and naked allegations that a constitutional right has been invaded, contrary to law. Ex parte Lee, 248 Ala. 246, 27 So.2d 147, cert[iorari] den[ied] 329 U.S. 808, [67 S.Ct. 621, 91 L. Ed. 690].

"8. For that it affirmatively appears that said petition and facts alleged therein lack a probability of truth, as required by law. Ex parte Taylor, 249 Ala. 667, 32 So.2d 659, affirmed 335 U.S. 252, [68 S.Ct. 1415, 92 L.Ed. 1935]."

We have examined the petition and are of opinion that every ground of the state's

motion is well taken. The motion is granted and the petition for leave to file petition for writ of error coram nobis is dismissed.

Petition dismissed.