137 So.2d 746

Ex parte Joe WILKIE.

In re Joe WILKIE

v.

STATE.

8 Div. 807.

Court of Appeals of Alabama.

Oct. 17, 1961.

Rehearing Denied Nov. 28, 1961.

Joe Wilkie, pro se.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

Wilkie, convicted of receiving stolen goods, took an appeal to this court on the record proper, that is, without having the clerk of the trial court send us a copy of the transcript of evidence given at his trial. The judgment below was, on April 19, 1960, after a search of the record for error under Code 1940, T. 15, § 389, affirmed by us without opinion. See Mahaley v. State, 39 Ala.App. 472, 103 So.2d 824, for a statement of·the usual practice of dispensing with opinions in affirming on such an abridged record. Cf. opinions in Harper v. State, 264 Ala. 510, 88 So. 2d 788, and in Goins v. State, 267 Ala. 443, 103 So.2d 184.

Now Wilkie asks us to let him proceed in the circuit court by petition for writ of error coram nobis. However, he fails to advise us of any grounds which, if proven, would support such a petition.

Assigning this omission and other grounds, the Attorney General has moved us to dismiss Wilkie's petition. Apropos of the State's contention, we quote from Livingston, C. J., in Ex parte Seals, 271 Ala. 622, 126 So.2d 474, 476:

"The writ of error coram nobis does not lie to enable an accused to question the merits of the case or to correct an error of fact which had been adjudicated, even though wrongfully determined, or to review errors concerning facts known to the court with reference to which the court acted at the time of the trial. * * * mere naked allegations that a constitutional right has been invaded will not suffice; the application should make a full disclosure of the specific facts relied upon, and not mere conclusions as to the nature and effect of such facts. * * *"

See also Ex parte Fewell, 261 Ala. 246, 73 So.2d 558, and Ex parte Fuller, 40 Ala. App. 197, 116 So.2d 395.

Considering the failure of the petition as it now stands to set forth any reason for setting aside Wilkie's conviction, we must needs dismiss it.

Petition dismissed.