139 So.2d 349

**Ex parte Barney L. BRANNAN.**

**I Div. 888.**

Court of Appeals of Alabama.

Jan. 23, 1962.

Barney L. Brannan, pro se.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for respondent.

PRICE, Judge.

The relator alleges that he is serving a sentence in the penitentiary upon a conviction of carnal knowledge; that about the 22nd day of September, 1961, he filed a petition in the Mobile Circuit Court, in which he was convicted, for a writ of error coram nobis and to allow him to prosecute an appeal in forma pauperis from the judgment of conviction. He prays for a writ of mandamus directing said court to grant him a hearing upon his said petition. Relator certifies that he has served notice of the application for mandamus upon the warden of Kilby Prison and on the Attorney General of Alabama by United States mail.

The Attorney General has filed a motion to dismiss the petition. One of the grounds of motion is: "For that petitioner has alleged no grounds for the granting of writ of mandamus."

In State ex rel. Holcombe v. Stone, 232 Ala. 16, 166 So. 602, the court said:

"The rule is established in this jurisdiction by a long line of decisions that to entitle one to the extraordinary writ of mandamus there must be (a) a clear legal right in the petitioner to the order sought, (b) there must be an

imperative duty upon the respondent in the petition for mandamus to perform his duty, and which he has refused to do, (c) there must not be any other adequate remedy open to petitioner, and (d) the jurisdiction of the court must be duly invoked by proper petition."

■ It is also well settled by our courts that "when the duty sought to be enforced is of a private nature, affecting only the right of the relator, when it is not clear that there has been a refusal to act, either positive or by conduct equivalent thereto on the part of the officer, the writ will be denied, and the reasons, as stated in Merrill on Mand. § 222, is that 'it would be an abuse of justice to convict one of nonfeasance or misdemeanor in neglecting his official duty, when he has not refused to do what may be required, and to mulct him in costs when he is not in default.'" Ex parte Scudder, 120 Ala. 434, 25 ·So. 44.

■ There is nothing before us tending to show that any judge of the Mobile Circuit Court has refused a hearing on the petition.

There are other sufficient reasons why the writ cannot be granted. A copy of the petition for a writ of error coram nobis is attached as an exhibit to this petition. No facts appear therein tending to show a clear legal right in the petitioner to the order sought. It is alleged that after his conviction the prosecuting witness stated to defendant that she had testified falsely at the trial.

■ A defendant is not entitled to a writ of error coram nobis because of false testimony of witnesses given on his trial, unless such perjured testimony was used by the state with knowledge that it was perjured testimony. Ex parte Gammon, 255 Ala. 502, 52 So.2d 369; Caldwell v. State, 36 Ala.App. 612, 63 So.2d 384.

■ The petitioner alleges the prosecutrix was forced to give false testimony by the use of threats and intimidation on the part of her mother and uncle. This is not equivalent to a showing that the alleged false testimony was used by the state with knowledge that it was perjured testimony.

■ The allegations of the petition are that defendant was convicted on November 17, 1959. The time for appeal has long since expired and any attempted appeal now would be futile. Leave to prosecute an appeal in forma pauperis will not be granted, where the time for appeal has already expired. 55 C.J.S. Mandamus .§ 115, p. 196; Adam v. Vaught, C.C.A.10, 136 F.2d 539; State ex rel. Taylor v. Reeves, 221 Ind. 11, 46 N.E.2d 199; ·Monzell v. State, 78 Okl.Cr. 34, 143 P.2d 163.

■ We paraphrase the language of the court in Ex parte Jones, 26 Ala.App. 414, 161 So. 266. The writ of mandamus will not issue compelling a trial judge to hear a petition for error coram nobis, which upon the face of the petition itself, must on the hearing be denied.

The motion of the Attorney General is granted. The petition is dismissed.

Dismissed.