172 So.2d 56

**William Leon HORSLEY**

v.

**STATE.**

7 Div. 746.

Court of Appeals of Alabama.

Feb. 2, 1965.

Rehearing Denied Feb. 16, 1965.

———◆———

William Leon Horsley, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

Horsley appeals from a judgment of the St. Clair Circuit Court denying him post conviction relief against a judgment of guilty of abuse of his daughter of less than twelve years of age in an attempt to carnally know her. His sentence was for twenty years in the penitentiary. Code 1940, T. 14, § 398.[1] Huggins v. State, 41 Ala.App. 548, 142 So.2d 915.

■■■■ Though counsel below mistakenly referred to the pleadings as for habeas corpus, the trial court properly entertained them as calling for coram nobis. Johnson v. Williams, 244 Ala. 391, 13 So.2d 683, calls for such construction of pleadings so as to show fundamental fairness within the scope of such State remedies as are available after appeal. That justice is seen to be done, is as important as that it be done.

I

Claim of Lack of Special Venire

On his original trial Horsley was represented by competent and alert counsel. Presumably to denigrate his former lawyer's ability, he now claims that he had no special venire.

Yet, Exhibit "A" attached to his brief is a copy from the clerk's entry showing that (1) on August 22, 1962, the defendant was arraigned with attendance of counsel; (2) the cause was then set for trial September 24, 1962; and (3) the sheriff was ordered to serve seventy-five qualified persons as jurors, fifteen of whom were drawn in addition to those already selected as the regular array. Code 1940, T. 30, § 63.

■■■ Under the reasoning in Bell v. State, 59 Ala. 55, we doubt that a mere showing of failure to comply with § 63,

supra, first made after verdict affords any ground for coram nobis relief. In Johnson v. Williams, supra, waiver of the constitutional requisites of a jury precluded coram nobis. A fortiori the less sacred statutory privilege of having more than fifty men on the venire can rise no higher..

II

Infant as a Witness

■■ Horsley's daughter, born November 10, 1954, testified for the State on his original trial held September, 1962. On that trial her testimony made out a prima facie case.

Called on coram nobis the girl did not wholly recant. Her testimony on the coram nobis hearing was replete with instances of her shaking her head—up and down for "yes" and from side to side for "no"— also with "I don't know" or "no answer from witness."

Essentially she did affirmatively state that her father didn't hurt her. But an earlier question as to whether she remembered saying whether he "had done anything to" her elicited, "I don't know."

On cross-examination she admitted that her shorts had been on the ground on the occasion of concern. Her examination ended as follows:

"Q You are not afraid of your daddy now, are you?

"A I wasn't afraid of him at the last trial either.

"Q Well, did you tell the same story now that you told then?

"A (Witness shakes head up and down.)

"Q You mean to be telling the same thing?

1. "§ 398. Any person who has carnal knowledge of any girl under twelve years of age, or abuses such girl in the attempt to have carnal knowledge of her, shall, on conviction, be punished, at the discretion of the jury, either by death or by imprisonment in the penitentiary for not less than ten years."

"A  I don't know.

"Q  Your mother told you not to say what she said then?

"A  I don't know.

"Q  Has she Jewel?

"A  She told me not to say the same thing.

"Q  She said, 'she told me not to say the same thing.' That is all.

"THE COURT: Well, all right.

"REDIRECT EXAMINATION

"BY MR. TRAWICK:

"Q  What did she tell you not to say Jewel?

"A  Told me to tell the truth.

"Q  To say the truth, and have you told the truth?

"A  (Witness shakes head up and down.)

"Q  That is all."

We consider there was no error on the first trial in accepting the daughter as a competent witness. Indeed, Bouldin, J., in Jackson v. State, 239 Ala. 38, 193 So. 417, points out that in appropriate circumstances a trial judge will not be held to have abused his discretion for the sole reason that a witness is as young as four years old.

III

Recanted Testimony

Both the daughter and mother changed their testimony on coram nobis from that on the jury trial. We have outlined the daughter's alteration above.

The wife, on coram nobis, admitted that she had been impelled to prosecute Horsley the morning after she caught him in front of her mother's home in a car talking to a woman.

Mrs. Horsley, however, still testified to finding Horsley squatting down in front of the daughter with his trousers around his ankles. No recital of further details is here needful. Her testimony on the post conviction hearing was not such a sufficient recantation as to afford relief.

The trial judge saw the mother and daughter on both occasions of their testifying. The burden of persuasion on Horsley is twofold.

*First,* the petitioner has to show a ground whereunder the verdict would have been prevented, and, *second,* on appeal he must overcome the presumption in favor of the judgment on coram nobis. Allen v. State, 42 Ala.App. 9, 150 So.2d 399.

IV

Conclusion

The appellant misconceived the purpose of coram nobis. This is a writ claiming error leading to judgment because of some particular factual circumstance not in the original record which, had it been known, would have prevented verdict. Also, a claim of perjured testimony must show that it was knowingly used and that the petitioner was not negligent. Thornburg v. State, 42 Ala.App. 70, 152 So.2d 442.

Coram nobis is not a plenipotentiary mission to retry indictments: it is a carefully guarded engine to root out egregious fraud or collusion leading to a judgment. Willis v. State, 42 Ala.App. 85, 152 So.2d 883; Duncan v. State, 42 Ala.App. 111, 154 So.2d 302.

The judgment below is due to be

Affirmed.