See also, ante p. 519, 170 So.2d 417, certiorari stricken Ala., 170 So.2d 423.

178 So.2d 98

**Ex parte Constance Dalphne BANKS et al.**

**7 Div. 803.**

Court of Appeals of Alabama.

March 9, 1965.

Rehearing Denied March 30, 1965.

Arthur D. Shores, Birmingham, Jack Greenberg and Norman C. Amaker, New York City, for petitioners.

Richmond M. Flowers, Atty. Gen., for the State.

CATES, Judge.

This is an original petition for leave to file with the Circuit Court of Talladega County a petition for writ of error coram nobis. The original appeal has become final and the opinion is reported in 42 Ala.App. 519, 170 So.2d 417.

On rehearing there was presented to us the question of the amnesty effect of Title II of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000a–2000a–6.

In Hamm v. City of Rock Hill, 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300, and Lupper v. State of Arkansas, 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300, the Supreme Court of the United States held that the Civil Rights Act of 1964 had the effect of voiding theretofore unserved convictions under state court judgments where the act of violating a state law (e. g., trespass after warning) came about solely in an attempt to obtain goods or services from an establishment which, after the effective date of the Civil Rights Act of 1964, was required under said Act to render such goods or services without racial discrimination.

The provisions of the instant petition to this court provide in part:

"C. The establishment involved in this case, the City Pharmacy in Talladega, Alabama is one that is within the terms of Title II of the Act, in that it serves or offers to serve interstate travelers and sells food and other products of which a substantial portion have moved in commerce.

"D. The petitioners herein were engaged in a 'nonforcible attempt to gain admittance to or remain in' an establishment covered by the Act, so as to come within the rule of law establish-ed by the Supreme Court in the case of Hamm v. City of Rock Hill."

I.

Interstate Travelers or Effect on Products in Commerce

In the original trial, no effort was made to show that the establishment in question, the City Pharmacy, which was located on the Courthouse square in Talladega, Alabama, served or offered to serve interstate travelers or that the products or any of the components thereof served at the fountain in the Pharmacy moved in or affected interstate commerce.

No attempt was made, as was done in Heart of Atlanta Motel v. United States et al., 379 U.S. 241, 85 S.Ct. 348, 13 L.Ed.2d 258, to show that the defendants were traveling.

From the opinion in Katzenbach v. McClung, 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290, we consider the question lies in proof, not congressional fiat. Thus we excerpt:

"Section 201(a) of Title II commands that all persons shall be entitled to the full and equal enjoyment of the goods and services of any place of public accommodation without discrimination or segregation on the ground of race, color, religion, or national origin; and § 201(b) defines establishments as places of public accommodation if their operations affect commerce or segregation by them is supported by state action. Sections 201(b) (2) and (c) place any 'restaurant * * * principally engaged in selling food for consumption on the premises' under the Act 'if * * * it serves or offers to serve interstate travelers or a substantial portion of the food which it serves * * * has moved in commerce.'

"Ollie's Barbecue admits that it is covered by these provisions of the Act. The Government makes no contention that the discrimination at the restau-

rant was supported by the State of Alabama. There is no claim that interstate travelers frequented the restaurant. The sole question, therefore, narrows down to whether Title II, as applied to a restaurant receiving about $70,000 worth of food which has moved in commerce, is a valid exercise of the power of Congress. * * *

* * * * * *

" * * * The only remaining question * * * is whether the particular restaurant either serves or offers to serve interstate travelers or serves food a substantial portion of which has moved in interstate commerce.

* * * * * *

" * * * Insofar as the section of the Act here relevant is concerned, § 201 (b) (2) and (c), Congress prohibited discrimination *only in those establishments having a close tie to interstate commerce,* i. e., those, like McClung's, serving food that has come from out of the State. We think in so doing that Congress acted well within its power to protect and foster commerce in extending the coverage of Title II only to those restaurants offering to serve interstate travelers or serving food, a substantial portion of which has moved in interstate commerce." (Italics added.)

A serious question arises as to the availability of post conviction relief by way of coram nobis. The only question raised on the original trial was a claim of invidious discrimination alleged to violate the Fourteenth Amendment.

Heretofore, in Woodard v. State, Ala. App., 171 So.2d 462 [1] (Ms., Feb. 2, 1965), we have pointed out the similarity between coram nobis and the equitable grounds of revision of judgment secured by reason of surprise, accident, mistake or fraud. Usually, of course, remediable mistake embraces a mistake of fact and not one of law.

Here, we are presented with a rather paradoxical question in that at the time of the trial there was no federal law to preempt the case from the state courts, and hence the defendant's attorney was not entitled under the issues to raise any question of service of interstate travelers or products moving in interstate commerce. The issue was then only one under state law.

This point of reference, of course, is valid only from a fixed point in time. Nevertheless, distinguishable situations arose, such as have occurred in our state courts in consequence of Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, in obedience to which our Supreme Court (273 Ala. 504, 142 So.2d 868) granted the writ of coram nobis to afford relief after conviction in violation of a federal self-executing *constitutional* right which had not been declared until the opinion in 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114.

Here, however, we are not concerned with an immanent self-executing constitutional right but an act of the Congress of the United States preempting certain activities by operators of establishments of public accommodations. Incident to such preemption, is the requirement that the states stand aside and not enforce their laws so as to frustrate the congressional intent.

II.

Is Coram Nobis an Available State Remedy?

Since this is not a Fourteenth Amendment case, opinions such as Barnes v. State, 42 Ala.App. 504, 169 So.2d 313, and Brown v. State, 277 Ala. 353, 170 So.2d 504, or Hamilton, supra, all of which relate to the right to counsel and derive from cases such as Gidean v. Wainwright, 373 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and its predecessors are not in point.

The writ of error coram nobis in Alabama is not coextensive with the writ

1. Ante p. 552.

672

of habeas corpus in a federal court to investigate a state court conviction.

 At common law, there were two writs, one the writ of error, simpliciter, and the other the writ of error coram nobis. The writ of error was to review a matter apparent on the record. The writ of error coram nobis was to preserve the purity of a law court's judgment with respect to a matter not apparent on the record.

In a case taken on appeal, such as we have here, the trial transcript of testimony becomes (as the lineal descendant of the bill of exceptions) a part of this court's record. Thus, our cases are replete with statements that coram nobis is available to review the prior judgment only with respect to some question of fact which, had it been presented without neglect, etc., on the part of the defendant, would have prevented the prior judgment.

Certainly, here the fact, if it is a fact, that the City Pharmacy did at the time of the original trial offer to serve interstate travelers or if it in fact then obtained a substantial portion of its soda fountain supplies in commerce between states, would have been a fact which, with the 20-20 vision of hindsight we can now clearly perceive, would have prevented judgment. Katzenbach v. McClung, supra.

However, this insight into the seeds of time was as much available to the defendant as it was to the prosecution. The question of fact (i. e., commerce) now sought to be examined was not primarily for the assertion of a constitutional right because of a denial of due process or equal protection. The Civil Rights Act rests on commerce: its preemptive force is from the supremacy clause.

 The state court remedy of the writ of error coram nobis is not appropriate because no claim was made on the original trial of the right now thought to assimilate congressional amnesty.

This court, while it is final within the cases assigned it by law, nevertheless is bound to follow under Code 1940, T. 13, § 95, the decisions of the Supreme Court of Alabama, certainly on questions of State law. We consider that our Supreme Court has rejected coram nobis as an omnium gatherum to right all post conviction discoveries or claims of error. We can only declare law, not give law.

This is no Testa v. Katt, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967, case. There the mandate was prospective. Here we only hold that coram nobis is not appropriate. A right claimed under a state statute would be treated the same way.

We arrive at this conclusion unhesitatingly, since the petitioners have a full and adequate remedy under 28 U.S.C. § 2254. We consider that the preservation of clear lines of grounds under State law for the exercise of post conviction remedies should be maintained.

Petition denied.