BOWEN W. SIMMONS, Supernumerary Circuit Judge.
This appeal originates from a judgment rendered at nisi prius wherein appellant’s petition for a writ of error coram nobis was denied.
It appears in the petition that appellant was convicted by a jury of murder in the first degree on her plea of not guilty and punishment fixed at life imprisonment. A motion for a new trial was duly presented and denied.
*409 Defendant, within the time provided by law, appealed from the judgment of conviction. The appeal not only presented the trial proceedings but also the motion for a new trial and the evidence thereunto appertaining.
Our record shows that the transcript of the proceedings and evidence in the trial court were not filed within the time provided by law, and upon motion of the Attorney General, the appeal was dismissed. The dismissal was also authorized by law.
We wish to note that appellant was represented at her trial and on her motion for a new trial 'by counsel of her own choice and employment; also on the appeal that was dismissed.
Appellant on the instant appeal seeks to review asserted errors that occurred at the trial, including the contention that the court erred in overruling the motion for a new trial.
There was no new evidence taken at the coram nobis hearing below. The transcript proceedings at nisi prius and the evidence on the motion for a new trial were introduced at coram nobis. The same judge presided at the trial in chief and on the motion for a new trial. We hold that the asserted errors occurring at the trial of the case in chief cannot now be heard, but only on the appeal , which was taken but not perfected by filing the transcript in time. We again note that the original proceedings in the trial court and in the instant review were not in forma pauperis. Groce v. State, 48 Ala.App. 709, 267 So.2d 499; Butler v. State, 279 Ala. 311, 184 So.2d 823.
The Supreme Court in Ex parte Rudolph, 276 Ala. 392, 162 So.2d 486, observed as follows:
“A writ of error coram nobis issues for the correction of a judgement entered in ignorance of certain matters of fact which, if they had been known to the court rendering the" judgment, would not have been entered. Cauley v. State, 34 Ala.App. 111, 37 So.2d 153. Here, no such facts are presented and there is no allegation that any alleged facts would have prevented the judgment of conviction from being entered by the trial court.’’
It appears that two or three witnesses testified on this motion for a new trial that after the trial was over and results thereof appeared in the news media, they made known that they were near the scene of the Shooting episode and that two strange men, not defendant, fired some shots of which -one resulted in the death of the victim, for whose death defendant (appellant) was tried and convicted.
But it appears in the original record of the trial, now on file in this Court, that defendant took the stand and testified:
“A. He said, ‘I’m not going ’til I catch that dog.’ I said, ‘Go ahead, please.’ He said, ‘I’m not going to leave.’ I said, ‘Will you leave here, Mister?’ He still stood there. He said, T ain’t going no where, until I catch that damn dog today.’ I said, ‘Do you see a dog?’ He said, ‘No, you done hid it.’ I said, ‘No, I ain’t been over here long enough to hide nothing. I just walked around here to get a piece of wire. Just left the truck.’ He wouldn’t move. So, I asked him again. I said, ‘you going to leave or not?’ He said, ‘You don’t scare me, I ain’t going to leave, until I catch that dog.’ Then I yelled at him, he still stood there. And then later I shot to scare him. He still stood there. I shot again to scare him, he still stood there. And when he did whirl and run that’s what hit him. The third bullet hit him.
“Q. Did you shoot to kill him ?
“A. No, sir, I tried to scare the man away.
“Q. At the time when you left there, did you know that you had hit him?
*410 “A. No, sir, I didn’t know I had hit him. I got in the truck and left.’’
Thus, it appears that defendant admitted that she was the one who fired the three shots and not these strangers upon whom the absent witnesses pinned the guilt. The victim was a dogcatcher.
As to whether it was wise or unwise for defendant to have taken the stand is not for the consideration of this Court. The defendant’s testimony refuted that of the absent witnesses who testified on the motion for a new trial.
The court at nisi prius denied the motion for a new trial; the lower court denied the petition for writ of coram nobis. It would be pure speculation as to what the defendant would have testified had these witnesses been available when she was tried; also to what the jury verdict would have been. We are not convinced that the result would have been any different. At least the trial court heard the evidence when the motion was heard and had the advantage of seeing the witnesses on the stand. We are unwilling to disturb. Schefano v. State, 231 Ala. 391, 164 So. 902.
The judgment denying the petition for writ of coram nobis is affirmed.
AFFIRMED.
The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.