HARRIS, Judge.
This case was affirmed by this Court on May 4, 1976, without an opinion. Application for rehearing was overruled on June 1, 1976, without an opinion.
The case reached the Supreme Court on a petition for certiorari and the case was remanded for this Court to consider Constitutional issues raised by appellant under the common law coram nobis or under Rule 60(b) of the Alabama Rules of Civil Procedure.
When the case was originally submitted to this Court we carefully searched the record for errors, including Constitutional questions, which injuriously affected the substantial rights of appellant and found none. We determined that the case did not warrant a formal opinion.
The Rules of Civil Procedure have no application in criminal proceedings. See the Committee’s Comments following Rule 1 and Burns v. State, 57 Ala.App. 662, 327 So.2d 920.
The common law writ of error is still a part of our criminal system of justice and is constantly resorted to in proper cases..
At the coram nobis hearing Mr. Robert L. Petrey, the loan officer at the First National Bank of Montgomery who handled the loan transaction with Mr. King, testified that “Based upon the information that I have from the First National Bank I was .mistaken when I testified that I issued a check to Mr. King in the afternoon. The records indicate that the check was issued in the morning, the date the loan was made. *621 And as far as the serial number on the automobile is concerned I cannot testify whether it was given to me by Cíete King or by Willie Smith, who was an officer with the bank at that time.”
Mr. Petrey further stated that he testified to what he believed to be the truth at the time of Mr. King’s original trial.
In denying the writ the Court stated that appellant had ample opportunity to have the bank records available at his original trial and was negligent in not' doing so.
There is no allegation in the petition and, of course, no proof that the State knowingly used perjured testimony to convict appellant on the original trial.
In Ex parte Brannan, 41 Ala.App. 500, 139 So.2d 349 and Horsley v. State, 42 Ala. App. 567, 172 So.2d 56, this Court held that to obtain coram nobis relief from a conviction on the ground of perjured testimony the testimony must be shown to have been knowingly used by the prosecution and the convict must not have been negligent.
The fact that a witness gave contradictory testimony does not establish that a defendant was convicted on false or perjured testimony. Echols v. State, 276 Ala. 489, 164 So.2d 486.
It is our considered judgment that the trial court correctly denied the petition for writ of error coram nobis and the case is due to be affirmed.
AFFIRMED.
All the Judges concur.