[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 338 
The appellant was convicted of robbery and sentenced to fifteen years' imprisonment. This Court affirmed his conviction on appeal and the Alabama Supreme Court denied certiorari without opinion. Summers v. State, 348 So.2d 1126
(Ala.Cr.App.), cert. denied, 348 So.2d 1136 (Ala. 1976). A petition for writ of certiorari to the Alabama Court of Criminal Appeals was denied without opinion by the United States Supreme Court on February 21, 1978. 434 U.S. 1070,98 S.Ct. 1253, 55 L.Ed.2d 773. Petition for rehearing was also denied. 435 U.S. 981, 98 S.Ct. 1633, 56 L.Ed.2d 75.
Having exhausted his procedures for direct appellate review, the appellant filed a petition for writ of error coram nobis before the trial court which issued the judgment of conviction. The petition, as amended, contains six grounds for setting aside the appellant's conviction and ordering a new trial: (A) The use of the perjured testimony of Elaine Campbell McClellan to secure the conviction; (B) the denial of a request for a continuance which denied the appellant the necessary time to complete his interrogatories to witnesses; and (C) also denied him adequate time to prepare his defense; (D) the prejudicial remarks made by the prosecutor in closing argument at trial; (E) the "calculated pattern of prosecutorial misconduct designed to engender bias and prejudice against the petitioner and to impede his right to defend himself" exemplified by the participation of the State in those matters contained in grounds (B), (C), and (D); and (F) ineffective assistance of counsel. *Page 339 
 I
The thrust of the appellant's argument is that the "totality of all the proceedings" reveals that his trial was a "travesty of justice" and a denial of equal protection of the law.
While the writ of error coram nobis is available to a prisoner who claims "that his incarceration is due to failure to observe the fundamental fairness essential to every concept of justice, even after a sentence has been duly affirmed by the highest court of the state", Johnson v. Williams, 244 Ala. 391,394, 13 So.2d 683, 686 (1943), our Supreme Court has "failed to adopt any general rule that the remedy of coram nobis automatically assimilates all rights imposed on state trials by the Fourteenth Amendment". Aaron v. State, 43 Ala. App. 450,454, 192 So.2d 456, 460 (1966).
The function or office of the writ lies to correct a judgment rendered by the court upon errors of fact not appearing on the record and so important that if the Court had known of them at the trial it would not have rendered the judgment. Smith v.State, 245 Ala. 161, 16 So.2d 315 (1944); Brown v. State,350 Ala. 444, 35 So.2d 518 (1948); Stephens v. State, 36 Ala. App. 57, 52 So.2d 169 (1951).[1] The writ is concerned only with errors of fact. Ex parte Powell, 39 Ala. App. 423, 426,102 So.2d 923 (1952). The error of fact must not be apparent on the record, Ex parte Banks, 42 Ala. App. 669, 672, 178 So.2d 98
(1965), and must have been unknown to the Court and to the defendant at the time of trial. Smith v. Hixon, 149 F. Supp. 283
(S.D.Ala. 1957); Edwards v. State, 274 Ala. 569, 150 So.2d 710
(1963); Groce v. State, 48 Ala. App. 709, 267 So.2d 499 (1972). The error must be one which, if presented to the trial court, would have prevented conviction, rather than merely causing a different result. Ex parte Fuller, 40 Ala. App. 197, 198,116 So.2d 395 (1959); Stephens, 36 Ala. App. at 58. In effect, the writ of error coram nobis serves as a motion for new trial on the ground of newly discovered evidence. Tillis v. State,349 So.2d 95 (Ala.Cr.App.), cert. denied, 349 So.2d 100 (Ala. 1977).
The writ of error coram nobis is not a substitute for other remedies such as an appeal, writ of error, certiorari, or motion for new trial. Redus v. Williams, 244 Ala. 459, 461,13 So.2d 561 (1943); Groce, supra; Stephens, supra. The writ is not "the wild ass of the law which the courts cannot control."Anderson v. Buchanan, 292 Ky. 810, 823, 168 S.W.2d 48, 55
(1943). Our courts have stated that the writ does not serve as a substitute for an appeal, Butler v. State, 279 Ala. 311,184 So.2d 823 (1966), Thomas v. State, 280 Ala. 109, 190 So.2d 542
(1966), and is not "an omnium gatherum or catchall of accordion like remedies to solve (or salve) all the supposed wrongs of those once duly convicted", Arledge v. State, 57 Ala. App. 553,555, 329 So.2d 613, 615, cert. denied, 295 Ala. 390,329 So.2d 616 (1976), or an "omnium gatherum to right all post conviction discoveries or claims of error". Ex parte Banks,42 Ala. App. at 672, 178 So.2d at 101. The writ does not serve the purpose of a "probable cause hearing". Seibert v. State, 343 So.2d 788 (Ala. 1977), and is not available to retry indictments. Bush v.State, 50 Ala. App. 293, 278 So.2d 741 (1973); Creel v. State,53 Ala. App. 226, 298 So.2d 647 (1974).
 "Coram nobis is not a plenipotentiary mission to retry indictments: it is a carefully guarded engine to root out egregious fraud or or collusion leading to a judgment. Willis v. State, 42 Ala. App. 85, 152 So.2d 883; Duncan v. State, 42 Ala. App. 111, 154 So.2d 302."
 Horsley v. State, 42 Ala. App. 567, 569, 172 So.2d 56, 59 (1965).
Coram nobis does not lie when other remedies are available. A petition for the writ will be dismissed if filed within the time for filing notice of appeal, or if the petitioner can bring a writ of error, motion for new *Page 340 
trial, or writ of certiorari. Vincent v. State, 284 Ala. 242,244 So.2d 601 (1969); Ex parte Gammon, 255 Ala. 502,52 So.2d 369 (1951); Daniels v. State, 48 Ala. App. 750, 267 So.2d 540
(1972). A petition for writ of error coram nobis will not be granted and is premature if filed while an appeal is pending.Davis v. State, 257 Ala. 520, 60 So.2d 64 (1952); Brown v.State, 250 Ala. 444, 35 So.2d 518 (1948); Lovell v. State,344 So.2d 826 (Ala.Cr.App. 1977).
 II
The State's motion to strike grounds (B), (C), (D), and portions of (E) was properly granted.
Grounds (B) and (C) concerning the trial court's refusal to grant a continuance were properly stricken because the issues were fully considered by this Court on direct appeal from the judgment of conviction. Summers, 348 So.2d 1135. Coram nobis does not serve the function of an appeal or a delayed appeal.Brown, supra; Mayola v. State, 344 So.2d 818, 822
(Ala.Cr.App.), cert. denied, 344 So.2d 822 (Ala. 1977). Petitions for writs of error coram nobis are properly denied where the matters attempted to be raised were fully reviewed on appeal from the judgment of conviction. Ex parte Rudolph,276 Ala. 392, 393, 162 So.2d 486, cert. denied, 377 U.S. 919,84 S.Ct. 1185, 12 L.Ed.2d 188 (1964); Impson v. State,339 So.2d 1098 (Ala.Cr.App. 1976). Moreover, the refusal of a motion for a continuance cannot be made the basis for a writ of error coram nobis as the remedy is by a motion for new trial on that ground, the denial of which is reviewable by appeal. Andersonv. State, 41 Ala. App. 620, 621, 147 So.2d 862 (1962); Ex parteArgo, 41 Ala. App. 442, 137 So.2d 755, cert. dismissed, 273 Ala. 201, 137 So.2d 757, cert. denied, 369 U.S. 862, 82 S.Ct. 952,8 L.Ed.2d 20 (1962).
Ground (D) involving the closing argument of the prosecutor was properly stricken because it was known to the appellant and could have been raised at trial and on direct appeal. We note that three other objectionable portions of the prosecutor's argument were considered in the opinion of this Court affirming the conviction. Summers, 348 So.2d at 1135. Since the facts were known by the appellant and objected to at trial, but not presented as an issue on appeal, they cannot sustain a proceeding for coram nobis relief. The writ is appropriate only when the petitioner's claim is based on facts which were not known and could not have been discovered with the exercise of reasonable diligence at the time of trial. Senn v. State,43 Ala. App. 323, 189 So.2d 870 (1966); Thornburg v. State,42 Ala. App. 70, 152 So.2d 442 (1963). "Facts known to the accused debar him from seeking coram nobis." Arledge v. State,57 Ala. App. 553, 555, 329 So.2d 613, 615, cert. denied, 295 Ala. 390, 329 So.2d 616 (1976). If the petitioner could reasonably have discovered the information in time to prevent the original conviction the remedy of coram nobis is not available. Echolsv. State, 276 Ala. 489, 164 So.2d 486 (1964); Isom v. State,44 Ala. App. 6, 200 So.2d 506 (1966), reversed on other grounds,281 Ala. 189, 200 So.2d 511 (1967). The writ will not lie where a remedy against the error complained of, though available, was deliberately or negligently not used at the trial that resulted in the judgment of conviction. In such cases the petitioner is generally held to have waived his right to contest the judgment. Johnson v. Williams, 244 Ala. at 395, 13 So.2d 683;Redus v. Williams, 244 Ala. at 459, 13 So.2d 561; Ex parteTaylor, 249 Ala. 667, 670, 32 So.2d 659 (1947).
At trial the appellant's objection to the prosecutor's remark was sustained by the trial judge who then, upon request, instructed the jury to disregard the matter. The appellant requested no further action from the trial court and, having no adverse ruling, has no cause to complain. Mandell v. State,21 Ala. App. 404, 108 So. 635 (1926); Adkins v. State, 265 Ala. 666, 93 So.2d 522 (1957).
Those portions of ground (E) alleging prosecutorial misconduct as shown in grounds (B), (C), and (D) were properly stricken from consideration for the same reasons grounds (B), (C), and (D) were. *Page 341 
 III
Challenges based on the inadequacy of counsel constitute grounds for coram nobis, Browning v. State, 57 Ala. App. 217,326 So.2d 778 (1975), cert. denied, 295 Ala. 392, 326 So.2d 783
(1976), despite earlier indications to the contrary. Ex parteArgo, 41 Ala. App. at 444, 137 So.2d 755; Ex parte Gammon,255 Ala. 502, 505, 52 So.2d 369 (1951). However counsel is presumed adequate, Willis v. State, 42 Ala. App. 85, 90, 152 So.2d 883
(1963), and the fact that the petitioner was convicted does not prove that counsel lacked zeal or competence, Butler v. State,279 Ala. 311, 313, 184 So.2d 823 (1966), Echols v. State,276 Ala. 489, 491, 164 So.2d 486 (1964), particularly when counsel has been retained rather than appointed. Ex parte Gammon,255 Ala. at 505, 52 So.2d 369; Houston v. State, 332 So.2d 408, 409
(Ala.Cr.App. 1976).
The State specifically requested that the appellant's allegations of ineffective counsel be considered by the circuit judge who entered the following written finding in his order denying coram nobis relief.
 "At trial petitioner was represented by three retained attorneys of his choice. This court judicially knows that at least two of petitioner's trial attorneys, one of whom was lead counsel at the trial, are very skillful and experienced criminal defense trial attorneys in this state.
 "This court also presided at petitioner's trial in this case and observed his counsel during the conduct of the trial. Petitioner's counsel represented him ably and skillfully at trial, cross examining the witness for the State at length and vigorously and skillfully arguing petitioner's case to the jury. This court is convinced that petitioner did not receive ineffective assistance of counsel at trial but, on the contrary, was very ably represented by his counsel."
Both the record of the appellant's trial and his coram nobis hearing fully and clearly support this finding.
The only specific allegation and evidence to support the charge of inadequacy of counsel was that trial counsel did not present "available evidence" to discredit the testimony of Elaine McClellan, who testified against the appellant at his trial. The "available evidence" was the testimony of the Honorable Joe Burnett, one of petitioner's three retained attorneys, that prior to trial Ms. McClellan had told him that she did not know anything about the case. After witness McClellan testified, the matter was discussed among appellant's three retained counsel and a decision was made not to contradict her testimony. As the State's appellate counsel aptly notes an attempt to impeach the witness with the "available evidence" would have allowed the prosecution to bring out on redirect examination of Burnett how he and his client came to talk to Ms. McClellan and would have opened the door to discovering the appellant's relationship and connection with the witness, as the State did at the coram nobis hearing. This could have resulted in some damaging and incriminating inferences against the appellant. The decision not to contradict witness McClellan was a matter of trial strategy, a calculated gamble. Since there has been no clear showing of improper or inadequate representation, the matter was best left to the professional judgment and discretion of trial counsel.Taylor v. State, 291 Ala. 756, 287 So.2d 901 (1973), cert. denied, 416 U.S. 945, 94 S.Ct. 1955, 40 L.Ed.2d 298 (1974);United States v. Henderson, 489 F.2d 802 (5th Cir. 1973), cert. denied, 417 U.S. 913, 94 S.Ct. 2612, 41 L.Ed.2d 217 (1974). An adequate defense in the context of a constitutional right to counsel does not mean that counsel will not commit what may later prove to be tactical errors. Tillis v. State, 292 Ala. 521, 296 So.2d 892 (1974). However the evidence presented by the appellant does not even disclose that a tactical error was made much less that he was denied adequate representation.
 IV
The use of perjured testimony by the prosecution at trial is ground for coram nobis to issue if the testimony were *Page 342 
used with knowledge that it was perjured. Ex parte Gammon,255 Ala. 502, 52 So. 369 (1951); Ex parte Burns, 247 Ala. 98,22 So.2d 517 (1945); Johnson v. Williams, 244 Ala. 391,13 So.2d 683 (1943); Ex parte Brannan, 41 Ala. App. 500, 139 So.2d 349, cert. denied, 273 Ala. 234, 139 So.2d 351 (1962); Caldwell v.State, 36 Ala. App. 612, 63 So.2d 384 (1953). The law is settled that a writ of error coram nobis will not lie because of false testimony given at trial unless that false testimony was used by the State with the knowledge that it was perjured testimony.Williams v. State, 268 Ala. 535, 108 So.2d 454 (1959); Gammon, supra; Brown v. State, 250 Ala. 444, 35 So.2d 518 (1948);Burns, supra; King v. State, 349 So.2d 620 (Ala.Cr.App. 1977);Horsley v. State, 42 Ala. App. 567, 172 So.2d 56 (1965);Brannan, supra; Ex parte Craft, 41 Ala. App. 519, 138 So.2d 266
(1962); Ex parte Fuller, 40 Ala. App. 197, 116 So.2d 395 (1959);Caldwell, supra. In the absence of an allegation and showing that the perjured testimony was used by the State with a knowledge that it was perjured, a petitioner is not entitled to a writ of error coram nobis. King, supra; Brannan, supra. Even when the alleged perjured testimony is essential to the conviction, the petitioner still must prove that the State used the testimony with knowledge that it was perjured. Brannan, supra; Caldwell, supra. A bare claim that a witness lied or gave false testimony will not entitle a petitioner to coram nobis relief. Caldwell, supra; Brannan, supra. The use of perjured testimony is not proven by the fact that a witness contradicted himself. Echols v. State, 276 Ala. 489,164 So.2d 486 (1964); King, 349 So.2d at 621.
The trial judge succinctly but carefully covered this ground of the petition in his order denying the writ. His findings of fact are supported by the record. His statements and conclusions of law are correct.
"CLAIM OF CONVICTION ON PERJURED TESTIMONY
 "In order to obtain a new trial on a claim of having been previously convicted on the perjured testimony of a witness, a petitioner must show each of the following: (1) that material testimony against him was willfully false; (2) that the State used the allegedly perjured testimony in the prosecution of the case with knowledge that it was perjured; and (3) that petitioner did not fail to bring to the attention of the trial court evidence within his knowledge which would have put the court on notice of the perjury issue at that time. Williams v. State, 268 Ala. 535, 108 So.2d 454 (1959); Horsley v. State, 52 Ala. App. 567, 172 So.2d 56 (1965).
 "The evidence presented by petitioner at the hearing in this case proved none of the above elements.
 "In regard to the first element, petitioner presented at the hearing no credible evidence whatsoever that the witness Elaine Campbell McClellan Ward, did in fact perjure herself in any of her testimony against him. Testimony at the hearing also showed that the State of Alabama, during the course of its investigation of this case, developed other independent evidence which corroborated the testimony of Elaine Campbell McClellan Ward. The fact that a witness gave contradictory testimony does not establish that a defendant was convicted on false or perjured testimony. King v. State, Ala.Cr.App., 349 So.2d 621. In other words, this Court is not reasonably satisfied from the evidence that she did commit perjury at petitioner's robbery trial. This finding, in and of itself, is enough to deny the petitioner's application for writ of error coram nobis.
 "In regard to the second element, there is no evidence whatsoever in this case that the State of Alabama knew or had reason to believe that any of the testimony it used against petitioner at his trial was false. Petitioner's own proof showed that the witness Elaine Campbell McClellan Ward first attempted to recant her trial testimony more than a month after the trial of the case. Even then, the circumstances surrounding the attempted recantation casts serious doubts on its believability. *Page 343 
 "In regard to the third element, at the hearing on the petition for Writ of Error Coram Nobis, one of petitioner's attorneys, who was also one of petitioner's attorneys at the trial, testified that prior to trial he interviewed the witness Elaine Campbell McClellan Ward and was told by her that she knew nothing of petitioner's involvement in the crime charged. He further testified that after her trial testimony, petitioner and his attorneys discussed this allegedly inconsistent prior statement, and they decided not to raise the issue. Neither the State nor the trial judge was informed of this allegedly inconsistent prior statement. Only petitioner and his attorneys were aware of it during the trial. Petitioner and his attorneys did not inform the trial court and the State of this allegedly inconsistent prior statement until the hearing on the petition for Writ of Error Coram Nobis."
In order to obtain a new trial on the basis of the use of perjured testimony by the State, a defendant must allege and prove (1) that the testimony was perjured; (2) that the perjured testimony was on a matter of such importance that the truth would have prevented a conviction. Ex parte Reliford,37 Ala. App. 697, 75 So.2d 90 (1954); (3) that the prosecution had knowledge that the testimony was perjured; and (4) that the defendant was not negligent in discovering the falsehood and in raising the issue. Ex parte King, 349 So.2d at 621; Horsley v.State, 42 Ala. App. at 569, 172 So.2d 56.
In a coram nobis proceeding the petitioner bears the burden of submitting clear, full and satisfactory proof of matters which, had they been timely submitted at trial, would have prevented a judgment of conviction. Champion v. State,45 Ala. App. 188, 227 So.2d 818 (1969). This burden extends beyond a mere balancing of probabilities to clearly and convincingly satisfy the court that the original judgment was tainted with fraud, actual or constructive; that there was no acquiescence by the defense therein; that a factual basis existed which if made known would have prevented the original judgment; and that the failure to make such exonerating fact known earlier was not chargeable to the petitioner. Argo v. State, 43 Ala. App. 564,570, 195 So.2d 901, cert. denied, 280 Ala. 707, 195 So.2d 909
(1967).
The degree of proof is "highly exacting as to facts `and always means more than reasonably satisfying'". Burden v.State, 52 Ala. App. 348, 350, 292 So.2d 463, 465 (1974). The petitioner must convince the trial judge of the truth of his allegation and the judge must "believe" the testimony. Seibertv. State, 343 So.2d 788 (Ala. 1977). The petitioner on coram nobis is also confronted with the burden of rebutting the presumptions, among others, of the correctness of the judgment of the trial court, Ware v. State, 44 Ala. App. 679,219 So.2d 910 (1969), and the truthfulness of the testimony of the witnesses for the prosecution. Edson v. State, 53 Ala. App. 460,301 So.2d 226 (1974).
Our independent search and examination of the record convince us that the appellant failed to prove any of the four elements listed above. The judgment denying the writ was proper. Exparte Fuller, 40 Ala. App. at 197-198, 116 So.2d 395.
A letter was attached as an exhibit to the appellant's petition for writ of error coram nobis. The letter was addressed to the appellant and apparently written by Donald Nissen, an accomplice, who testified against the appellant at his robbery trial. The letter is dated August 15, 1977, and contains the statement, "You (referring to the appellant) know better than anyone else that Elaine lied about you under oath".
The petition was personally verified by the appellant and states in part:
 "The knowledge of this perjury was not known to this petitioner until the receipt of the letter from the Office of William J. Baxley, Attorney General of the State of Alabama, dated September 1, 1977,. . . ."
(Emphasis added)
Thus the appellant's own petition reveals that the appellant had received some information that the witness had perjured *Page 344 
herself some time before the appellant claimed to have received such information. We spoke to a related matter in Pitts v.State, 366 So.2d 736, 740 (Ala.Cr.App. 1978).
 "Repudiated testimony, especially where admitted to be perjured, is to be regarded with suspicion and caution. A petitioner will be hard pressed to convince this court of the error of a trial court in denying a petition for writ of error coram nobis where the recanted testimony of an admitted perjurer which appears to exculpate the accused also indicates that the accused swore falsely at trial."
In attributing perjury to the statements of another a petitioner should guard against false statements or contradictions in his own pleadings lest his statements assume the very character of the deceit he attributes to others.
In the appellant's "Memorandum In Support of Petition for Writ of Error Coram Nobis" addressed to the trial judge, the petitioner is trapped in an admission of knowledge of the perjury at the time of trial.
 "The State of Alabama both in pleading to the petition for writ of error coram nobis and at hearing tried to damn petitioner Summers as a perjurer for his oath that he did not know of the perjury of Elaine McClellan under after the letter of 1st of September, 1977, from the office of the Attorney General to trial counsel. The apparent basis of such accusations can only be that Summers knew, in fact, that Elaine McClellan was not present in Clanton on the date and at the time she testified about on the trial. But this was a personal knowledge, not visibly supported by any independent evidence. On any charge of perjury initiated with the prosecuting authorities by Summers it seems clear that it would have been dismissed from consideration summarily. Burnett was in possession of the same information, and he did not conclude and press a perjury charge. The key is that there was no independent information about perjury until the letter of September 1, 1977. It was at that point that personal knowledge, which would have involved the word of one person against the word of another, ripened into a supportable and maintainable accusation." (Emphasis added)
Regardless of the "weight" of the evidence that the appellant had concerning Ms. McClellan's perjury, the appellant deliberately chose not to present this issue to the trial court. By preserving the issue the appellant would not have been negligent in raising the issue on coram nobis. Where the grounds upon which the petitioner sought coram nobis were all based on facts well known to him at the time of his conviction, coram nobis is not the proper mode for raising such questions.Trammell v. State, 43 Ala. App. 308, 189 So.2d 760, cert. denied, 280 Ala. 31, 189 So.2d 763 (1966). We recognize the difficulty in proving perjury but the appellant knew at the time the witness testified that she had previously given a contradictory statement to one of the appellant's retained attorneys. This is not the case where the defendant himself is the only one who could testify that the witness was giving false testimony. From the failure to present or even raise this issue in the trial court we can only conclude that it was deliberately waived and the judgment of conviction must stand.
On appeal the State, relying on Brinks v. State, 44 Ala. App. 601, 217 So.2d 813, cert. denied, 283 Ala. 712, 213 So.2d 820
(1968), argues that this Court should not consider allegedly hearsay statements admitted by the judge on the coram nobis hearing. The appellant's testimony on the alleged perjury was to the effect that Elaine McClellan had said that she perjured herself. McClellan did not testify.
In a coram nobis proceeding, hearsay statements are insufficient to establish that testimony was perjured. Williamsv. State, 268 Ala. 535, 108 So.2d 454 (1959); Ex parte Argo,41 Ala. App. at 445, 137 So.2d 755. From the order of the trial judge denying the writ it is obvious that he did not run afoul of this rule. Even if we consider any hearsay testimony in the record the petition is still due to be denied. *Page 345 
 V
In an effort to escape punishment, the appellant has lashed out in every direction. He has charged that the prosecution "engaged in a calculated pattern of prosecutorial misconduct designed to engender bias and prejudice against SUMMERS and to impede his right to defend himself"; that the "office of the Attorney General must stand convicted, by its own actions, of securing a criminal conviction in a manner which does not comport with . . . due process"; that "the State of Alabama prosecuted this case with a reckless disregard that the commission of perjury was a distinct probability from any witness"; that certain prosecutors are guilty of unethical conduct; that the State, by not investigating, "closed its eyes to what might have been pertinent evidence about possible perjury"; and that "the State conveniently did not pursue `red flags' which heralded `perjury' in one or more aspects of this case". Charges of "wheeling and dealing", of "deliberate attempts to mislead the jury", of "gross carelessness", and of "suppressing the truth" are also leveled against the State and the two Assistant Attorneys General who prosecuted the appellant.
Shrouding these opprobrious statements within the garb of constitutional deprivations neither enhances their credibility nor dignifies their tone. Without proof or substance, these allegations retain their basic form of reckless and desperate accusations.
Again we refer to the order of the trial judge who treated this matter in a simple but eloquent manner.
"CLAIM OF PROSECUTORIAL MISCONDUCT
 "There was no evidence presented whatsoever at the hearing in this case to substantiate any claim of prosecutorial misconduct by the State of Alabama."
We can imagine no greater or more comprehensive damnation of the appellant's allegations.
 VI
Except in the case of an alleged violation of certain constitutional rights (for example, lack of representation by counsel, see Cates, Post Conviction Remedies, 28 Ala. Law. 255, 266 (1967)), the failure of petitioner to assert that he is innocent of the crime for which he stands convicted or that he has a valid defense (insanity, statute of limitations) is fatal to a petition for writ of error coram nobis. Mayola v. State,344 So.2d 818, 822 (Ala.Cr.App.), cert. denied, 344 So.2d 822
(Ala. 1977); Hopkins v. State, 57 Ala. App. 78, 326 So.2d 144
(1975); Argo v. State, 43 Ala. App. 564, 195 So.2d 901, cert. denied, 280 Ala. 707, 195 So.2d 909 (1967).
One Assistant Attorney General who prosecuted the appellant testified at the coram nobis hearing that after the appellant had been convicted, the appellant sent him a Christmas card. The appellant then telephoned this prosecutor and during the conversation acknowledged his guilt of the robbery for which he had been convicted.
The appellant has shown no valid defense to the indictment upon which he stands convicted. He has not demonstrated any legally recognized absolute ground of defense (statute of limitations, self-defense, or insanity) and the evidence adduced at the hearing on the petition for writ of error coram nobis provides further evidence of guilt.
The appellant stands duly convicted after having appealed his conviction to the highest court in the land. Now he begins anew with a collateral attack on his judgment of conviction. We do not assume that "a criminal has been deprived of due process of law simply because he is desirous of escaping punishment for the crime for which a jury and a competent and just judge found him guilty". Warden v. State, 41 Ala. App. 449, 451,134 So.2d 783, 784 (1961). Also Cooper v. Wiman, 273 Ala. 699,145 So.2d 216 (1962). The evidence presented to this Court reveals that the appellant has utterly failed to establish any reason for impeaching the original judgment of conviction. Therefore the judgment of the circuit court denying the petition *Page 346 
for writ of error coram nobis is affirmed.
AFFIRMED.
All the Judges concur.
[1] The use of the writ of error coram nobis in Alabama is covered in the following articles: Comment, PostconvictionRemedies in Alabama, 29 Ala.L.Rev. 617, 630 (1978); Cates, PostConviction Remedies, 28 Ala. Law. 257, 266 (1967); and Comment,The Writ of Coram Nobis in Alabama, 2 Ala.L.Rev. 281 (1950).