BOWEN, Judge.
This is an appeal from the denial of a petition for post-conviction relief.
In 1984, Ranny L. Johnson was convicted of attempted first degree rape and sentenced to life imprisonment. His conviction was affirmed on appeal. Johnson v. State, 473 So.2d 652 (Ala.Cr.App.1985).
In 1988, Johnson filed a petition for post-conviction relief alleging that trial counsel was ineffective. In lieu of an evidentiary hearing, the circuit court ordered the parties to submit their evidence by affidavit and written interrogatories or depositions. Rule 20.9, Temp.A.R.Cr.P. The only evidence submitted at the evidentiary hearing was the trial transcript which was submitted by both parties. After an ore tenus hearing on the petition, which consisted solely of Johnson’s testimony regarding his claims of trial counsel’s ineffectiveness, the petition was denied. On this appeal from that denial, Johnson, through his appointed counsel, raises one issue. In a pro se supplemental brief, Johnson raises several other issues.
I
Johnson contends that his trial counsel was ineffective in failing to attack the victim’s allegedly perjured testimony. Johnson asserts that the victim perjured herself by giving conflicting testimony as to when she first saw him on the night of the attempted rape. He argues that the victim perjured herself by testifying “at one point ... that she saw Petitioner unloading a motorcycle ‘before seven o’clock’ ” and then later testifying “that she saw her assailant, the Petitioner, for the first time at ‘about twenty minutes after twelve.’ ” This argument is not supported by the trial record and is, in fact, refuted by such. Johnson has taken specific portions of the victim’s testimony out of context in an attempt to support his contention that she gave conflicting testimony and thereby perjured herself. However, it is clear to this Court that when the victim’s testimony is reviewed in its entirety, as it should be, no conflict exists.
Upon review, the record reveals that the victim never stated she had seen Johnson prior to his trying to enter the store at approximately 12:20 a.m. She did testify *1083 that she had seen someone unloading a motorcycle around 7:00 p.m., but she further stated that she could not remember if this person was Johnson. Thus, when the victim stated that she had seen him for the first time around midnight, this did not conflict with any other testimony she had given, nor was it perjury.
Furthermore, even if her testimony were interpreted as contradictory, “[t]he use of perjured testimony is not proven by the fact that a witness contradicted himself.” Summers v. State, 366 So.2d 336 (Ala.Cr.App.1978), cert. denied, Ex parte Summers, 366 So.2d 346 (Ala.1979).
“When a convicted defendant complains of the ineffectiveness of counsel’s assistance, the defendant must show that counsel’s representation fell below an objective standard of reasonableness.” Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In order to prevail on a claim of ineffective assistance of counsel, a defendant
“must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.” Id., 466 U.S. at 687, 104 S.Ct. at 2064.
The evidence does not show that the victim’s testimony was perjured and, thus, there was no ground upon which trial counsel could base a motion for mistrial. Since trial counsel is not obliged to make frivolous motions, his failure to request a mistrial was not an error of omission. Johnson has failed to show that trial counsel’s performance was deficient under Strickland v. Washington, supra. Consequently, the trial judge did not err in denying the petition on this ground.
II
In reviewing this appeal, we have examined the records of both Johnson’s trial and his post-conviction proceeding.
We have carefully reviewed each of the eight claims of ineffectiveness raised by Johnson in his pro se supplemental brief. On direct appeal, this Court found no merit to Johnson’s claims of unlawful arrest, illegal search and seizure, and improper in-court identification. Johnson v. State, 473 So.2d 652 (Ala.Cr.App.1985). Those issues form the foundation for four of Johnson’s present claims of ineffective counsel. Johnson is procedurally barred from relief on these claims. “A petitioner will not be given relief under [Rule 20] based upon any ground which was raised or addressed on appeal ...” Rule 20.2(a)(4), A.R.Cr.P.Temp.
The four remaining issues (void indictment; victim permitted to testify to details of complaint and actions of others; withholding of exculpatory evidence; trial judge’s failure to advise of right against self-incrimination) are based on Johnson’s personal opinion as to the law of this state and are without legal and factual merit.
Accordingly, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.