HARWOOD, Justice.
Thomas H. Weeks, the plaintiff in an action presently before the Mobile Circuit Court, petitions for a writ of mandamus directing Judge Roderick P. Stout to vacate his February 9, 2001, discovery order. That order requires Weeks to provide the defendants John P. Case, Jr., and Coastal Builders, Inc. (hereinafter “the defendants”), with copies of audiotape recordings made by Weeks of conversations between him and Case, and a conversation between him and Theresa Schmidt, an employee of Coastal Builders, Inc. The order further requires Weeks to provide the copies of the recordings before Case is deposed in the pending action. The petition for the writ of mandamus is denied.
On September 12, 2000, Weeks filed a complaint stating claims based on theories of breach of contract, fraudulent misrepresentation and suppression, and promissory and/or equitable estoppel. The complaint was based on an alleged oral promise; the promise was alleged to have been made by Case, as owner and president of Coastal Builders. The alleged promise was that, in consideration of Weeks’s contribution to the defendants’ financial success in the business of developing and building condominiums, Weeks would be provided with a condominium or its cash equivalent. On or about September 21, 2000, Weeks noticed the videotaped deposition of Case. On October 23, 2000, the defendants filed an answer denying that Case had made the alleged promise to Weeks. The next day, their counsel notified Weeks’s counsel that Case would be undergoing surgery and that his deposition would need to be postponed. On October 31, 2000, the defendants agreed to stay depositions of the *663 parties until Case had recovered and was available to be deposed.
On or about January 4, 2001, Weeks supplemented his responses to the defendants’ interrogatories, in pertinent part, as follows:
“7. Identify and produce all statements (written, oral, recorded, or other) which you or anyone acting [o]n your behalf, have made or which, your attorneys or anyone acting on your behalf have obtained from any person relating to the claims or allegations in your Complaint, including in your answer the name and address of the person making the statement, the date such statement was made, to whom the statement was made, and the specific content of such statement.

“RESPONSE:

“Objection. These interrogatories invade the attorney/client privilege and/or work product protection, and are ambiguous. Subject to said objections, Mr. Weeks responds as follows. I have recorded conversations between me and John [Case], and a conversation between me and Theresa Schmidt. These are the only statements of which I am aware regarding my claims in this lawsuit. A copy of the tape containing the conversations with John will be made available for Defendants’ counsel to inspect and/or copy immediately following the deposition of John P. Case, Jr. in this action.
“8. Have you or anyone acting on your behalf or has anyone to your knowledge ever recorded by any form of recording device any communication or statement by John P. Case, Jr. or any other employee of Coastal Builders, Inc.? If your response to this interrogatory is in the affirmative, (a) state the date(s) such recordings were made; (b) identify the person making the statement and each person present when such statement was made; and (c) produce all such recording(s) and all documents relating in any way to such communication and/or recording.

“RESPONSE:

“Yes. See response to interrogatory number 7 above. As far as I know, only John and I were present during our conversations, although Steven Case was present briefly at one conversation. Only Theresa and I were present, to my knowledge, during our conversation. A copy of the tape containing the conversations with John will be made available for Defendants’ counsel to inspect and/or copy immediately following the deposition of John P. Case, Jr. in this action.”
On January 16, 2001, the defendants filed a motion to compel and sought a protective order requesting the trial court to order Weeks to provide the audiotape recordings of his conversations with Case and Schmidt, before Case is deposed. On January 23, 2001, Weeks filed a motion to compel the deposition of Case and sought a protective order requesting the trial court to order that he did not have to produce the audiotape recordings before Case’s planned deposition on February 15, 2001. Also on January 23, 2001, the defendants filed an objection and sought to quash the planned February 15 deposition of Case, arguing that they were entitled to the audiotape recordings before the deposition, under Rule 26(b)(3), Ala. R. Civ. P. On February 8, 2001, the defendants filed objections to the noticed depositions of Coastal Builders employees Janice Logan and Theresa Schmidt, on the same grounds.
On February 9, 2001, the trial court conducted a hearing and entered an order directing Weeks to produce the audiotape recordings before Case’s deposition, but suspended that order to allow Weeks to file a motion to reconsider. On February *664 23, 2001, the trial court again suspended the order so as to allow Weeks to file this petition for the writ of mandamus.[1]
This Court’s standard of review applicable to a petition for the writ of mandamus is well settled:
“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).”
Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998). Furthermore, we have stated:
“ ‘Because discovery involves a considerable amount of discretion on the part of the trial court, the standard this Court will apply on mandamus review is whether there has been a clear showing that the trial court abused its discretion.’ Ex parte Compass Bank, 686 So.2d [1135,] at 1137 [ (Ala.1996) ]. ‘ “The right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief,” ’ and ‘ “[t]he writ will not issue where the right in question is doubtful.” ’ Ex parte Bozeman, 420 So.2d 89, 91 (Ala.1982) (quoting Ex parte Dorsey Trailers, Inc., 397 So.2d 98, 102 (Ala.1981)).”
Ex parte L.S.B., 800 So.2d 574, 579 (Ala.2001).
Weeks argues that the petition is due to be granted because, he says, the trial court abused its discretion in ordering him to produce the audiotape recording of his conversations with Case before Case is deposed.[2] Weeks contends: (1) that Case *665 seeks the audiotape recording only to ensure that he does not give inconsistent testimony at his deposition; (2) that this Court’s opinion in Ex parte Doster Construction Co., 772 So.2d 447 (Ala.2000), supports his not producing the recording until after Case is deposed; (3) that he would be irreparably injured if required to produce the recording before Case’s deposition, partly because of his heavy burden in proving fraud; and (4) that the defendants would not be disadvantaged by receiving the recording after Case’s deposition. Weeks acknowledges that the defendants are entitled to the recording of his conversations with Case, by the terms of Rule 26(b)(3), Ala. R. Civ. P., but argues that they should not receive it until after Case is deposed.
In Doster, this Court, in a 5^4 decision, issued a writ of mandamus directing a trial court to vacate its order requiring an employer to supply a workers’ compensation claimant with a surveillance videotape before the claimant was deposed. Weeks relies heavily upon Doster, where this Court’s majority opinion stated, in part:
“[TJruth is the cornerstone of our judicial system, and courts always strive to find it. In Estes v. Texas, 381 U.S. 532, 540, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965), the Supreme Court of the United States noted:
“‘Court proceedings are held for the solemn purpose of endeavoring to ascertain the truth which is the sine qua non of a fair trial. Over the centuries Anglo-American courts have devised careful safeguards by rule and otherwise to protect and facilitate the performance of this high function.’
“Later, in Briscoe v. LaHue, 460 U.S. 325, 335, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), the Court, discussing Justice White’s concurring opinion in Imbler v. Pachtman, 424 U.S. 409, 439, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), acknowledged that ‘[i]t is precisely the function of a judicial proceeding to determine where the truth lies.’ Courts have developed procedures to separate truth from falsity — the oath, the perjury penalty, public proceedings, the sequestration of witnesses, and prior notice to an opponent of the evidence a party intends to use. See Ex parte Frazier, 562 So.2d 560, 566-67 (Ala.1989).
“We see no apparent advantage to requiring the disclosure of a videotape before an employee is deposed, except for the advantage that would inure to the employee if he intended to lie or to pursue a fraudulent claim. Therefore, the quest for truth should be furthered through protecting the videotape before the employee is deposed.”
772 So.2d at 450-51. After discussing whether the employer should be required to disclose whether it had the videotape, this Court stated:
“[W]e conclude that the trial court abused its discretion in holding that [the employer], if it had a videotape, had to produce that videotape before [the work *666 ers’ compensation claimant] could be compelled to testify by deposition. Assuming the existence of a surveillance videotape and assuming that the videotape was prepared in anticipation of litigation or for trial, such a holding must be predicated on a showing of substantial need and undue hardship as set out in Rule 26(b)(3)[, Ala. R. Civ. P.].”
772 So.2d at 451-52. (Footnote omitted.) This Court concluded that the workers’ compensation claimant was not entitled to the videotape because he had not made this showing.
In this case, there is no question as to whether the tape exists, or as to whether the defendants are entitled to it by operation of the second paragraph of Rule 26(b)(3), Ala. R. Civ. P. The question is whether Weeks should be compelled to produce the tape before Case is deposed. Case has already denied making the alleged promise of a condominium[3] or its cash equivalent to Weeks, and we assume that the audiotape recording in Weeks’s possession would chiefly substantiate his claims, but also impeach Case’s denial of the promise.
The production of the audiotape recording in this case is not governed by the “substantial-need” and “undue-hardship” showing referred to in Doster. Unlike Doster, which relied upon the first paragraph of Rule 26(b)(3), requiring these showings, the discovery of the recording of the conversations between Weeks and Case is governed by an exception to these showings found in the second paragraph of Rule 26(b)(3): “A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party.” Further, the nature of the recording was surreptitious because Case was unaware that he was being recorded. In similar situations involving surreptitious recordings, the federal courts have ordered that such recordings be produced prior to deposition. See Smith v. WNA Carthage, L.L.C., 200 F.R.D. 576 (E.D.Tex.2001); Pro Billiards Tour Ass’n, Inc. v. R.J. Reynolds Tobacco Co., 187 F.R.D. 229 (M.D.N.C.1999); and Roberts v. Americable Int’l, Inc., 883 F.Supp. 499 (E.D.Cal.1995).
Questions regarding the timing of discovery are well within the trial court’s discretion. As this Court stated in Ex parte Fielder, 528 So.2d 325, 326 (Ala.1988):
“Rule 26(d), [Ala.] R. Civ. P., permits methods of discovery to be used in any sequence, and, according to that rule, ‘the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party’s discovery.’ However, Rule 26(d) also authorizes the trial court — ‘for the convenience of parties’ or ‘in the interests of justice’ — to order the sequence and timing of discovery. Thus, discovery matters are within the discretion of the trial court. Assured Investors Life Insurance Co. v. National Union Associates, Inc., 362 So.2d 228 (Ala.1978).”
Weeks has failed to show that he has a clear legal right to an order by the trial court vacating its February 9, 2001, order directing Weeks to produce the recording before Case is deposed. See Ex parte *667 Empire Fire & Marine Ins. Co., supra. Therefore, the petition for the writ of mandamus is denied.
PETITION DENIED.
MOORE, C.J., and SEE, BROWN, WOODALL, and STUART, JJ., concur.
LYONS, J., recuses himself.

. The trial court’s February 9 order refers to plural "audio tapes,” while the February 23 order refers to a single "audiotape at issue.” We infer that the trial court meant to order that both the recorded conversations between Weeks and Case and the conversation recorded between Weeks and Schmidt be produced.

. While the trial court ordered that Weeks also produce the recording of the conversation between him and Schmidt, Weeks has not presented by his mandamus petition an issue concerning this recording for our consideration. Rule 21, Ala. R.App. P., states in part:
"The petition shall contain a statement of the facts necessary to an understanding of the issues presented by the application; a statement of the issues presented and of the relief sought; a statement of the reasons why the writ should issue, with citations to the authorities and the statutes relied on; and copies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition.”
Weeks’s petition makes no argument concerning the recording of the conversation between him and Schmidt. His statement of the issue, in pertinent part, is:
"Whether a defendant in a fraud case has the right to obtain and review a pre-litigation recording of his conversations with the plaintiff, recorded without his knowledge, before the defendant’s deposition is taken when: (1) the defendant’s deposition was noticed and would have taken place long before the defendant requested production of the tape except for illness on the part of the defendant; ... (3) the defendant clearly seeks the tape to ensure that he does not give testimony inconsistent with the prior recorded statement; (4) the rationale and policies adopted by the Supreme Court of Alabama, consistent with the decisions of other courts on this precise issue, clearly require that the defendant be deposed before production of the tape; (5) the plaintiff would be irreparably damaged if pre-deposi *665 tion production of the tape is required; and (6) the defendant would not be disadvantaged by post-deposition production of the tape."
(Emphasis on ''before,” "irreparably damaged,” and "not” in original; other emphasis added.) At no point in the text of the petition does Weeks refer to the Schmidt recording. His only mention of it appears in a footnote in his motion to compel, which was attached as an exhibit to his brief, and again in a footnote in his reply to the defendants’ brief in opposition. Such a footnote mention is not adequate under Rule 21 to raise an issue concerning the Schmidt recording in the petition before us. Thus, we consider only whether the trial court erred in ordering Weeks to produce the recording of his conversations with Case before Case's deposition.

. In response to an interrogatory filed by Weeks, the defendants stated, "Mr. Weeks on occasion stated in substance that he would like to own a condominium. Mr. Weeks was told that condominiums were available to him in projects on which he was working. Defén-dants did not agree, represent, or intend to agree or represent that Mr. Weeks would receive a free condominium in any project. Consideration of additional compensation, if any, was wholly discretionary."