LYONS, Justice.
CUNA Mutual Insurance Society (“CUNA”) petitions for a writ of mandamus directing Judge Harold L. Crow of the Clarke Circuit Court to vacate his order of May 25, 2001, denying CUNA’s motion for a protective order and directing him to enter such a protective order, or, in the alternative, to grant CUNA’s amended motion for a protective order. For the reasons discussed below, we deny the petition.
The underlying litigation is a breach-of-contract and unjust-enrichment action, currently' in the class-certification phase. CUNA provides group credit-disability and life insurance to credit unions across the country. Each of the named plaintiffs purchased insurance coverage from CUNA through their credit unions’ group policies and they assert the right to represent two distinct subclasses of similarly situated persons. One prospective subclass of insureds alleges that CUNA rejected their claims because they had disabilities resulting from preexisting medical conditions or became disabled because of normal pregnancies. They further allege that such exclusions from coverage were not disclosed in the applications or were not approved by state insurance regulators and, thus, that CUNA could not enforce the exclusions against them. The second prospective subclass of insureds alleges that, while the insureds have not made claims on their policies for disabilities resulting from preexisting medical conditions or from normal pregnancies, they have overpaid for their insurance coverage because, although their applications did not reflect exclusions for disabilities caused by these conditions, the company has serviced policies so as to- exclude such claims. In the class-certification phase below, CUNA has conceded the existence of the element of numerosity.
*381 The insureds sought to obtain, through discovery, the names, telephone numbers, and addresses of all insureds whose claims have been denied on the basis of disabilities resulting from preexisting conditions or from normal pregnancies. On March 19, 2001, after a hearing, the trial court issued an order establishing discovery guidelines for the class-certification phase. In its order, the court stated that the insureds requested two categories of discovery:
“(A) The forms provided by CUNA and used by credit unions for the sale of credit disability insurance, and the forms submitted by CUNA and approved by the state insurance departments throughout the United States relating to the sale of credit disability insurance for the period beginning six years prior to February 24, 1998, until the date of this Order; and,
“(B) The identification, telephone number, and address of CUNA insureds who have had credit disability claims denied based on a pre-existing condition or normal pregnancy exclusion for the period beginning six years prior to February 24, 1998, until the date of this Order.”
The trial court noted in the March 19 order that the insureds had “significantly narrowed their discovery requests relative to whether the requested putative class should or should not be certified.” The court stated that a review to determine any differences between the CUNA forms that were actually used and those forms approved by state insurance departments would assist the court in determining typicality and the necessity of subclasses. The trial court continued:
“The Court also determines that Plaintiffs are entitled to perform their own discovery concerning any differences in CUNA forms used by credit 'unions as contrasted with CUNA forms approved by the relevant state departments of insurance. By ordering that Plaintiffs be allowed to obtain the identities and location of prospective claims denied class members, the Plaintiffs will be able to perform their own investigation and/or cross check of information pro- ■ vided by CUNA, so as to verify any differences in the CUNA forms used; as contrasted with CUNA forms approved by the relevant state departments of insurance and to verify'any locations and the periods of time where the forms were used without Plaintiffs’ having to rely solely on information furnished by CUNA. The Plaintiffs, as the parties bearing the burden of proof on the issue of class eertificátion, are entitled to fully explore factual issues that underlie or are pertinent to commonality, typicality, and numerosity of the putative class, or of any putative subclasses, and therefore, identity and location of prospective claims denied putativé class members are necessary to facilitate any investigation and review by Plaintiffs.”
The order did not state thé form in which the information was to be produced or a deadline for its production. The trial court also appointed a special master to decide all discovery disputes in the case.
On April 27, 2001, the insureds, after making an informal request, served on CUNA a request for production, seeking in electronic form the names, addresses, and telephone numbers of denied claimants. On May 3, 2001, CUNA moved for a protective order. CUNA objected to producing the names, addresses, and telephone numbers of the claimants; information regarding the nature of the claimants’ disabilities or medical records, other than whether the claim had been denied on the basis of pregnancy or a preexisting condition; and electronic copies of any closed-end lending-form documents.
*382 The special master noted that the March 19 order had already determined that the insureds were entitled to perform their own discovery as to the names, addresses, and telephone numbers of claimants. Thus, the special master allowed discovery of this information. However, he agreed with CUNA as to the other issues. He determined that, at this time, any information about the nature of claimants’ disabilities beyond the basic information that their claims had - been denied because of pregnancy or a preexisting condition should not be discoverable. He also determined that because the issues presently involve only open-end loan transactions, electronic copies of closed-end lending-form documents were not discoverable.
On May 24, 2001, the trial court adopted the special master’s report, ordered the parties to comply with the special master’s findings and determinations, and denied CUNA’s motion for a protective order regarding the names, addresses, and telephone numbers of denied claimants. On May 25, 2001, one day after the trial judge denied its motion for a protective order, CUNA filed an amendment to its motion for a protective order. In its amendment, CUNA asked the trial court to permit it to submit the names, addresses, and telephone numbers 'of denied claimants to a professional survey research firm, chosen by agreement between the parties, to conduct a survey to provide the insureds with independent information for the purpose of determining the type of enrollment forms used by prospective class members. CUNA proposed to pay the costs of such a professional survey. There is no indication in the record that the trial court'has considered this amendment. On May 29, 2001, CUNA petitioned this Court for mandamus relief.[1]
A writ of mandamus is a drastic and extraordinary form of relief. It is available only when there is “ 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ ” Ex parte Weeks, 810 So.2d 661, 664 (Ala.2001), quoting Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998). Moreover, we have stated: “ ‘Because discovery involves a considerable amount of discretion on the part of the trial court, the standard this Court will apply on mandamus review is whether there has been a clear showing that the trial court abused its discretion.’ ” Ex parte Weeks, 810 So.2d at 664, quoting Ex parte L.S.B., 800 So.2d 574, 578 (Ala.2001).
CUNA first asks that we order the trial court to vacate its May 24 order denying CUNA’s motion for a protective order and to grant CUNA such a protective order. The protective order CUNA initially sought would block discovery of the names, addresses, and telephone numbers of those insureds whose claims were denied because of disabilities resulting from normal pregnancy or a preexisting condition.
For a writ of mandamus to issue, CUNA must first have a clear legal right to this broad protective order. See Weeks v. Case, supra. Rule 26(c), Ala. R. Civ. P., states the pertinent rule governing protective orders:
“(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is *383 pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense .... ”
The rules governing discovery are generally to be construed liberally to foster broad discovery. Plitt v. Griggs, 585 So.2d 1317, 1320-21 (Ala.1991). However, Rule 26(c), which permits protective orders, recognizes that the right of discovery is not absolute; it grants the trial court broad discretion to control the discovery process and to prevent its abuse. Ex parte Dorsey Trailers, Inc., 397 So.2d 98, 103 (Ala.1981). Thus, a writ of mandamus will issue to compel a trial judge to grant a protective order only where a clear abuse of discretion is shown in the trial court’s denial of the motion. Ex parte Employers Nat’l Ins. Co., 539 So.2d 233, 237 (Ala.1989); Ex parte Georgia Cas. & Sur. Co., 531 So.2d 838, 841 (Ala.1988).
CUNA first argues that the trial court’s rationale for permitting this discovery is insufficient as a matter of law. The trial court stated:
“By ordering that Plaintiffs be allowed to obtain the identities and location of prospective claims denied class members, the Plaintiffs will be able to perform their own investigation and/or cross check of information provided by CUNA, so as to verify any differences in the CUNA forms used, as contrasted with CUNA forms approved by the relevant state departments of insurance and to verify any locations and the periods of time where the forms were used without Plaintiffs’ having to rely solely on information furnished by CUNA.”
CUNA’s position appears to be that because the trial court did not state that the information was relevant to, or probative of, numerosity, typicality, or commonality, it was not discoverable as a matter of law at'the class-certification stage. Certainly, a party seeking production of information in the class-certification stage must show that the information is relevant to the issues before the court at that stage. See Cousins v. Alabama Power Co., 597 So.2d 683,-687 (Ala.1992). However, the denied-claimant information sought here is relevant to the typicality and commonality of the claims. Moreover, CUNA has challenged class certification on the ground that the insureds cannot show where and when application or enrollment forms were used. It argues that numerous subclasses would be necessary, based on which version of the forms were used. CUNA, having made this information relevant, cannot shield it from discovery by claiming it is not relevant. The trial court acted within its discretion in granting discovery of this relevant and probative information.
CUNA also argues that the names, telephone numbers, and addresses of the denied claimants are confidential and proprietary. However, even assuming that the information the plaintiffs seek is confidential or proprietary, a court will not necessarily prohibit production of the information. Ex parte Warrior Lighthouse, Inc., 789 So.2d 858, 861 (Ala.2001); Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co., 107 F.R.D. 288, 292 (1985). At the trial court’s discretion, parties may “obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.” Rule 26(b)(1), Aa. R. Civ. P.[2] As *384 previously explained, the information the insureds seek is relevant to the issues of typicality and ■ commonality, as well as to the potential necessity for a large number of subclasses. The insureds should not be required to accept CUNA’s representations regarding information relevant to the issues before the court at this stage. Thus, even-assuming that the information as to denied claimants is confidential or proprietary, the insureds have shown the requisite need for this information, and the trial eourt acted within its discretion in rejecting CUNA’s request for a broad protective order.
In the alternative, CUNA asks this Court to order the trial court to grant CUNA’s amended motion for a protective order.in which it proposed that an independent survey firm verify the information sought by the insureds. CUNA filed this amended motion with the trial court the day after the trial court rejected its original motion for a protective order. The record does not indicate that the trial court has ever considered or refused to consider this amended motion. A writ of mandamus will not issue to compel the respondent to act when the respondent has not refused to do so. Ex parte Weeks, supra, 810 So.2d at 664; Ex parte Brannan, 41 Ala.App. 500, 502, 139 So.2d 349, 350 (1962). CUNA does not ask us to order the trial court to consider its amended motion for a protective order. Instead, CUNA asks this Court to issue a writ ordering the trial court to grant its amended motion. As this Court has recently stated, “[T]he writ of mandamus will not issue to compel a trial court to exercise its discretion in a particular manner.” Ex parte Weaver, 781 So.2d 944, 949 (Ala. 2000); Ex parte Ford Motor Credit Co., 607 So.2d 169, 170 (Ala.1992). Federal courts interpreting the analogous Rule 26(c), Fed.R.Civ.P., have also held that while a trial court may, in its discretion, fashion limited discovery orders, it is not mandatory that a court do so when the party objecting to discovery has not requested such a compromise. Santiago v. Fenton, 891 F.2d 373, 380 (1st Cir.1989).
Our denial of the petition should not be taken as an expression of an opinion regarding the propriety of full discovery in electronic form of CUNA’s denied-claimant lists and information as opposed to the limitation on such discovery as proposed in CUNA’s amended motion. The integrity of plaintiffs counsel is not in issue. However, CUNA’s concerns about inadvertent disclosures notwithstanding, we cannot address the merits of matters not yet addressed by the trial court. On remand, CUNA may pursue, if it sees fit to do so, a mechanism that strikes a balance between the insureds’ right to discovery of this information in order to verify the accuracy of information furnished by CUNA and CUNA’s concerns, particularly where CUNA is willing to bear the financial burden of such a compromise. However, because no such proposal was presented to the trial court before its May 24 order and because CUNA has not demonstrated that the trial court has addressed or refused to address its amended motion, we deny the petition.
PETITION DENIED.
MOORE, C.J., and HOUSTON, SEE, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., concurs in the rationale in part and concurs in the judgment.

. Because we deny the petition on other grounds, we need-not address the timeliness of CUNA’s petition for the writ of mandamus. See Rule 21, Ala. R.App. P.

. CUNA stated in its petition that the denied-claimant list is "confidential, proprietary, and privileged.” However, it did not argue that the information was privileged. In its reply brief, CUNA does not mention any privilege; it claims only that the information is confidential and proprietary.