JAMES, J„
for the Court:
¶ 1. Eric Jerome Boone filed a motion for post-conviction relief (PCR) in the Forrest County Circuit Court, arguing his post-release supervision was wrongfully revoked after he was deemed medically ineligible to work at the Hinds County Restitution Center. The trial court summarily dismissed the motion. We affirm.
FACTS
¶2. On October 30, 2006, Boone pled guilty to false pretense for forging a financial document, through which he was able to obtain $48,725.99 from SouthTrust Bank in Hattiesburg, Mississippi. He received a five-year suspended sentence, with credit for time served, and was ordered to pay $48,725.99 in restitution to SouthTrust Bank, a $1,000 fine, and $100 to the Mississippi Crime Victims’ Compensation Fund. On the same day, Boone also pled guilty to forging a document for the purpose of entering a lease agreement. He was given a five-year suspended sentence, with credit for time served, and was ordered to pay restitution in an amount to be determined. The sentences were ordered to run consecutively.
¶ 3. In 2009, Boone violated the terms of his post-release supervision by driving under the influence and committing embezzlement in DeSoto County, Mississippi. On June 15, 2010, the trial court modified the terms of Boone’s post-release supervision to include the completion of a restitution-center program. On August 30, 2011, after answering the embezzlement charges in DeSoto County, Boone entered the Hinds County Restitution Center. Before beginning the program, however, Boone informed officials that he had a hernia. He was examined and diagnosed with “an inguinal and ventral hernia.” Because of his medical condition, he was deemed ineligible for the work program.
¶4. On September 7, 2011, the trial court issued a warrant for Boone’s arrest based on his failure to enter the restitution-center program. On September 22, 2011, Boone’s post-release supervision was revoked for his failure to participate in the restitution-center program. The trial court ordered that Boone be returned to the custody of the Mississippi Department of Corrections (MDOC) for five years. On April 12, 2011, Boone had filed a petition to clarify his original sentencing order, asserting that the restitution and fines imposed by the trial court were unclear and beyond the jurisdictional limits of justice court. The motion was not ruled on until February 21, 2012. Treating the petition as a PCR motion, the trial court dismissed the motion for lack of jurisdiction, since there was no indication that Boone had exhausted his administrative remedies through the MDOC for clarification of his sentence. See Miss.Code Ann. § 47-5-803(2) (Rev.2011). Further, the trial court found that the sentencing order was clear, as evidenced by Boone’s statement in his motion of the amounts owed and to whom the amounts were due. Finally, the trial court found that Boone’s argument that the restitution exceeded the jurisdictional limits of justice court was without merit, as the matter was in circuit court.[1]
*379 ¶5. On March 8, 2012, Boone filed a PCR motion, arguing that the trial court should have considered alternatives to imprisonment when revoking his post-release supervision, since he was unable to pay his fines due to a medical condition beyond his control. The trial court summarily dismissed the motion as a procedurally barred successive writ. Boone, appeals.
STANDARD OF REVIEW
¶ 6. The trial court may summarily dismiss a PCR motion without an evidentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2013). The trial court’s factual findings will not be disturbed unless found to be clearly erroneous. Jackson v. State, 67 So.3d 725, 730 (¶ 16) (Miss.2011). Questions of law are reviewed de novo. Id.
DISCUSSION
¶7. Second or successive PCR motions are usually procedurally barred from the trial court’s review. Miss.Code Ann. § 99-39-23(6) (Supp.2013). However, an exception is made for “cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.” Id. Boone argues his conditional release was unlawfully revoked because he was unable to work at the restitution center. Therefore, the trial court incorrectly found that Boone’s motion was a procedurally barred successive writ. However, the trial court reached the correct result, as the arguments raised in Boone’s PCR motion are without merit. “[A]n appellate court may affirm a trial court[’s decision] if the correct result is reached, even if the trial court reached the result for the wrong reasons.” Harper v. State, 102 So.3d 1154, 1161 (¶ 21) (Miss.Ct. App.2012) (quoting Methodist Hosp. of Hattiesburg Inc. v. Richardson, 909 So.2d 1066, 1070 (¶ 7) (Miss.2005)). Thus, we affirm the dismissal of Boone’s PCR motion, but for a different reason than the trial court.
¶ 8. In his PCR motion, Boone argued that he was wrongfully found “in violation of [his] parole because of his medical condition.” He also argued the trial court had no authority to revoke his post-release supervision, as he was on parole and under the exclusive jurisdiction of the Mississippi Parole Board.
¶ 9. After Boone was charged with driving under the influence and committing embezzlement, the terms of Boone’s post-release supervision were modified to include completion of a restitution-center program. Specifically, the trial court stated as follows at Boone’s revocation hearing on June 15, 2010:
I find you are in violation of the terms and conditions of your post-release supervision. I’m going to modify the same. I’m going to order that you complete the restitution center program.... Upon completion of that program, you will be returned to post-release supervision and returned to answer some of those charges pending in Desota [sic] County, Mississippi.
Because of his failure to enter the program due to an alleged medical condition, a second revocation hearing was held on September 22, 2011. Boone admitted that he violated the modified terms of his release by his failure to enter the restitution-een- *380 ter program. Based on this violation, the trial court revoked Boone’s post-release supervision and sentenced him to five years in the custody of the MDOC.
¶ 10. Boone argues that the trial court failed to comply with the requirements of Mayfield v. State, 822 So.2d 382, 335 (¶ 15) (Miss.Ct.App.2002), because it did not consider punishments other than imprisonment. Boone asserts that under Mayfield, the trial court was required to consider alternatives to imprisonment because he made a bona fide effort to enter the restitution center and pay his fine, but was unable to do so because of his medical condition. Mayfield states:
[I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment.
Id. (quoting Bearden v. Georgia, 461 U.S. 660, 667-68,103 S.Ct. 2064, 76 L.Ed.2d 221 (1983)).
¶ 11. We find the trial court correctly determined that Boone “willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay.” Id. Thus, the requirements of Mayfield were met, and there was no need for the trial court to consider alternative sentencing. At the June 15, 2010 revocation hearing, the trial court asked Boone how much restitution he had paid. Boone responded: “I haven’t paid it.” Boone stated that he had not made an attempt to pay any restitution because he was not told “who [he] was supposed to pay the restitution to.” He then stated that a civil lawsuit had been filed against him for the restitution. The trial court stated: “You knew full well that you owed the victim in this crime $48,725 and haven’t made any effort to pay them.” Boone admitted his willful failure to pay restitution or to make any bona fide efforts to do so. Boone was given a chance to enter the restitution center when he first violated his post-release supervision, but he was allegedly unable to enter the program because of a medical condition. Still, it is undisputed that before this time, Boone had made no attempt to pay the restitution.
¶ 12. Because Boone “willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay,” the trial court was not required to consider alternative sentencing. Id. The trial court attempted to allow Boone to complete the restitution-center program rather than imprison him, but Boone failed to complete the program. The trial court was not obligated to continue considering alternatives to imprisonment. The trial court was well aware of Boone’s alleged medical condition, and it declined to accept Boone’s reasons for his failure to complete the program. It was within the trial court’s discretion to do so. Likewise, it was within the trial court’s discretion to find that Boone had failed to make a bona fide effort to pay the restitution. Thus, the trial court did not err in declining to consider alternative punishments to imprisonment.
¶ 13. Boone also argues that the trial court did not have authority to revoke his release because he was on parole and under the exclusive jurisdiction of the parole board. However, there is no evidence before this Court that Boone was on parole. *381 The evidence before this Court shows that Boone was on post-release supervision, which is under the exclusive authority of the trial court. See Miss.Code Ann. § 47-7-34 (Rev.2011). Boone has failed to show the trial court acted outside its authority in revoking his post-release supervision. This argument is without merit.
¶ 14. The trial court’s dismissal of Boone’s PCR motion is affirmed.
¶ 15. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. Boone’s motion challenged his sentence and, thus, was treated as a PCR motion. See Bums v. State, 933 So.2d 329, 331 (¶ 10) (Miss.Ct.App.2006). However, the motion was dismissed for lack of subject-matter jurisdiction. When a trial court lacks jurisdiction *379 over a PCR motion, this Court likewise lacks jurisdiction to consider the merits of this motion. See Graham v. State, 85 So.3d 847, 849 (¶ 3) (Miss.2012). Thus, the dismissal of Boone’s first motion will not be considered.