# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-01253-COA

MARLENE ZERNEE MCCOY A/K/A MARLENE   APPELLANT
ZERNELLE MCCOY A/K/A MARLENE
ZURNEE MCCOY A/K/A MARLENE
ZURNELLE MCCOY A/K/A MARLENE
ZARNEE MCCOY A/K/A MARLENE Z. MCCOY
A/K/A MARLENE MCCOY

v.

STATE OF MISSISSIPPI         APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/23/2014 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF FELONY DRIVING UNDER THE INFLUENCE AND SENTENCED TO FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED – 11/24/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**IRVING, P.J., FOR THE COURT:**

¶1. Marlene McCoy appealed after a Harrison County jury convicted her of felony driving under the influence (DUI). We are called upon to decide whether McCoy was properly indicted for felony DUI and whether the Circuit Court of Harrison County erred in refusing

to give McCoy's theory-of-defense jury instructions.

¶2.     Finding no error, we affirm.

## FACTS

¶3.     On October 2, 2012, at around 9:15 p.m., Officer Jason Gruich, with the City of Biloxi Police Department, located a car being driven by a DUI suspect. He initiated a stop and spoke with the suspect, who identified herself as McCoy. Based on his observations made after the stop, Officer Gruich believed that McCoy was under the influence of intoxicants, but he did not administer any field sobriety tests to her. Instead, Officer Gruich had McCoy transported to the Biloxi Regional Medical Center, where he offered her a blood test. After McCoy refused the test, Officer Gruich arrested her and charged her with DUI refusal, careless driving, and driving without a license. He also obtained a search warrant for a sample of McCoy's blood, which revealed that she had a blood-alcohol concentration of .04% and many controlled substances in her blood, including marijuana, Soma, Meprobamate, Carisoprodol, Tramadol, Diazepam, Hydrocodone, and Nordiazepam. McCoy later pleaded guilty in the Biloxi Municipal Court to careless driving. After that, she was indicted by a Harrison County grand jury for felony DUI, and on July 24, 2014, a jury convicted her of that crime.

## DISCUSSION

### I.     Jury Instructions

¶4.     "This Court applies an abuse-of-discretion standard of review to the refusal of jury instructions." *Thomas v. State*, 145 So. 3d 687, 690 (¶14) (Miss. Ct. App. 2013) (citing

2

*Harris v. State*, 85 So. 3d 300, 304-05 (¶11) (Miss. Ct. App. 2012)). "The instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found." *Id*. (citing *Newell v. State*, 49 So. 3d 66, 73 (¶20) (Miss. 2010)).

¶5. McCoy argues that the circuit court's refusal to give Instructions D-9 and D-10, which are discussed later in this opinion, violated her right to present her theory of defense. She contends that there was sufficient evidence in the record to support her theory of defense and that the circuit court "was clearly and unequivocally required to instruct [the jury] on [it]." McCoy also argues that her guilty plea to careless driving does not preclude her "from being able to assert her constitutionally secured right to assert a theory of defense in separate proceedings in another jurisdiction."

¶6. In response to McCoy's argument, the State argues that careless driving is a lesser-included offense of reckless driving and that McCoy's guilty plea in the lower court to careless driving is res judicata on the issue of reckless driving because the careless driving "flow[s] out of the same set of operative facts" that she is now arguing constitutes reckless driving. Therefore, the State avers that the circuit court properly refused to give the instructions because giving them would have permitted the jury to find McCoy guilty of the same offense of which she had already been convicted, resulting in a violation of the Double Jeopardy Clause.

¶7. During trial, McCoy testified that although she was driving erratically on the night of

3

her arrest, she was not under the influence of drugs. Her defense was that while the State had proven that she had driven recklessly, it had failed to prove that she had done so while she was under the influence of drugs. Based on that reasoning, McCoy submitted Instruction D-9, which instructed the jury that it should proceed with deliberations to determine whether the State had proved all the elements of reckless driving if it found that she was not guilty of felony DUI. The circuit court refused to give the instruction, explaining that since McCoy had pleaded guilty to careless driving in the municipal court, the issue of reckless driving was res judicata. Apparently, the circuit court was implying, without specifically saying, that McCoy had already been convicted of reckless driving once and could not be convicted of it a second time without running afoul of the Double Jeopardy Clause.

¶8. McCoy also submitted Instruction D-10, which instructed the jury on the elements of reckless driving and further instructed the jury that if it found beyond a reasonable doubt from the evidence that all of the elements of reckless driving had been proved, it should find her guilty of reckless driving. As stated, the circuit court refused to give this instruction, apparently for the same reason that it refused to give Instruction D-9.

¶9. It is true, as McCoy argues, that a defendant is entitled to instructions that present his theory of defense to the jury. However, this right is not absolute. There must be an evidentiary basis that supports the requested instruction. Here, the trial court did not cite the lack of a factual basis for refusing to give the requested instructions, but it is clear to this Court that no such factual basis exists in the record before us. Further, McCoy admitted that

4

she had alcohol and several other drugs in her blood and that she was swerving and driving recklessly when she was stopped by the officer. But she forcefully argues that she was not under the influence of any of the drugs that were found in her system shortly after being arrested. She points to her testimony as to when she took the various drugs to support her position, reasoning that because of the lapse of time between her taking the drugs and the blood test, the drugs could no longer be have had an effect on her.

¶10. We note that McCoy is not an expert qualified to give an opinion on the toxicological effects of drugs or how long they remain effective in the human body after being ingested. Nevertheless, the State refuted McCoy's claim through the expert testimony of Duriel McKinsey, a forensic toxicologist with the Georgia Bureau of Investigations in the forensic-toxicology section and a former forensic toxicologist with the Mississippi Crime Lab, who testified as an expert in the field of forensic toxicology, specializing in drug and chemical analysis. McKinsey tested McCoy's blood while he was employed by the crime lab. He testified not only to how long some of the drugs found in McCoy's blood remain effective in the human body but also to the addictive effect of the drugs when taken together.

¶11. While the Mississippi Supreme Court has placed the evidentiary-basis bar extremely low for a defendant's entitlement to a theory-of-defense instruction, *Montana v. State*, 822 So. 2d 954, 962 (¶29) (Miss. 2002) (citations omitted), there is still a bar, and we cannot find that McCoy's incompetent testimony ascended to the necessary height to scale the bar. Therefore, we find it unnecessary to delve into the unique and novel justification offered by

the circuit court for refusing to give the instructions. We choose instead to affirm the circuit court's refusal to give the instructions on the basis of our well-established law that if there is no factual basis for the instruction, there is no error in refusing to give it. *Boone v. State*, 148 So. 3d 377, 379 (¶7) (Miss. Ct. App. 2014) (citation omitted) (stating that "[a]n appellate court may affirm a trial court's decision if the correct result was reached, even if the trial court reached the result for the wrong reasons").

¶12.    But even if we were to indulge the notion that McCoy's testimony alone was a sufficient evidentiary factual basis for her proposed theory-of-defense instructions, we agree with the State that the recent Mississippi Supreme Court case of *Hye v. State*, 162 So. 3d 750 (Miss. 2015), blocks her path to the requested instructions. In *Hye*, the supreme court stated:

> We agree with the Court of Appeals that the trial court properly denied Hye's request for an accessory-after-the-fact instruction because there was no evidentiary basis for it. We also find, after much consideration on the matter, that a criminal defendant no longer has the unilateral right under Mississippi law to insist upon an instruction for lesser-related offenses which are not necessarily included in the charged offense(s), i.e., so-called lesser-nonincluded-offense instructions. And we overrule *Griffin v. State*, 533 So. 2d 444 (Miss. 1988), and its progeny, to the extent they hold otherwise.

*Hye*, 162 So. 3d at 751 (¶2). All parties agree that reckless driving is not a lesser-included offense of felony DUI. Therefore, based on the holding in *Hye*, the circuit court did not err in refusing to instruct the jury on reckless driving because defendants in this state no longer enjoy the right to have the jury instructed on a charge for which they have not been indicted unless it is included in the charged offense. This issue is without merit.

    II.    *The Indictment*

6

¶13. McCoy's second issue is that the State improperly charged her with felony DUI under Mississippi Code Annotated section 63-11-30(2)(c) (Supp. 2015), which provides, with certain exceptions, that the third and subsequent convictions of any person violating the provisions of Mississippi Code Annotated section 63-11-30(1) (Supp. 2015) shall be a felony. Section 63-11-30(1) makes it unlawful to drive under the influence of (1) intoxicating liquor, (2) any other substance that has impaired the person's ability to operate a motor vehicle, or (3) any drug or controlled substance, the possession of which is unlawful under the Mississippi Controlled Substances Law. McCoy's specific contention is that one of the predicate convictions that the State relied on to indict her for felony DUI—aggravated DUI—is provided for in Mississippi Code Annotated section 63-11-30(5) (Supp. 2015), not in 63-11-30(1).

¶14. The State's response is that this issue lacks merit because a violation of section 63-11-30(5) encompasses a violation of section 63-11-30(1). We agree. McCoy's indictment alleged two prior DUI convictions committed within five years of her current charge: one occurring on November 30, 2009, for felony driving under the influence causing death or disfigurement[1] and one occurring on December 1, 2011, for DUI refusal. The court

_____

[1] Section 63-11-30(5) provides:

Every person who operates any motor vehicle in violation of the provisions of [section 63-11-30(1)] and who in a negligent manner causes the death of another or mutilates, disfigures, permanently disables[,] or destroys the tongue, eye, lip, nose[,] or any other limb, organ[,] or member of another shall, upon conviction, be guilty of a separate felony for each such death, mutilation,

7

in which the prior convictions were obtained was specified in the indictment, and the State submitted documentation from those courts proving that the convictions had indeed occurred.

¶15. McCoy does not contest the fact that she was previously convicted of DUI refusal and aggravated DUI. Instead, as stated, she insists that her conviction for aggravated DUI was not a conviction under section 63-11-30(1) and, therefore, could not serve as a predicate conviction for her felony-DUI indictment under section 63-11-30(2)(c). However, it is clear that a violation under section 63-11-30(5) is also a violation of section 63-11-30(1). And the record establishes that McCoy committed three separate DUI offenses within a five-year time frame. This issue is without merit. Accordingly, we affirm.

¶16. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR AND JAMES, JJ., CONCUR. MAXWELL AND WILSON, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

---

disfigurement[,] or other injury[.]