# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-00875-COA

**WILEY ZACHARY CARROLL A/K/A WILEY Z. CARROLL A/K/A WILEY CARROLL**          APPELLANT

v.

**STATE OF MISSISSIPPI**          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/14/2024 |
| TRIAL JUDGE: | HON. M. BRADLEY MILLS |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILEY ZACHARY CARROLL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 09/30/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND WEDDLE, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1. Wiley Zachary Carroll pleaded guilty in the Tippah County Circuit Court to felony driving under the influence (DUI), third offense. The court sentenced him in May 2021 to serve five years in custody. Carroll filed a motion in that court seeking clarification of the court's sentencing order. The Tippah County Circuit Court denied Carroll's motion, finding it lacked jurisdiction because Carroll had failed to pursue the administrative remedies available to him before seeking judicial relief. Carroll appealed that decision. Finding no error, this Court affirmed. *Carroll v. State*, 371 So. 3d 196, 199 (¶8) (Miss. Ct. App. 2023).

¶2. While the 2023 *Carroll* appeal was pending, Carroll attempted to seek relief through the Mississippi Department of Corrections' Administrative Remedy Program (ARP). The

MDOC rejected Carroll's request.[1]

¶3. In February 2024, Carroll filed a "Petition for Judicial Review of a Final A.R.P. Decision" in the Marshall County Circuit Court. Despite the petition's title, Carroll again sought clarification of the May 2021 sentencing order.

¶4. Because Carroll was incarcerated in Rankin County, his petition was transferred to the Rankin County Circuit Court. That court dismissed Carroll's petition, concluding that it lacked jurisdiction due to Carroll's failure to exhaust his administrative remedies. The circuit court found that the ARP rejection letter Carroll attached to his petition was "not a final, appealable decision."

¶5. For the reasons set forth below, we affirm the circuit court's dismissal of Carroll's petition due to lack of jurisdiction, though for reasons other than the one reason given by the circuit court. *See Siggers v. State*, 397 So. 3d 888, 891 n.9 (Miss. Ct. App. 2024) ("[A]n appellate court may affirm a trial court['s decision] if the correct result is reached, even if the trial court reached the result for the wrong reasons." (quoting *Boone v. State*, 148 So. 3d 377, 379 (¶7) (Miss. Ct. App. 2014))).

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

#### I. The 2023 *Carroll* Decision

¶6. This appeal follows the appeal Carroll pursued on essentially the same issue in the 2023 *Carroll* decision. In large part, the facts are the same, as follows:

---

[1] As we explain in more detail later, because these events occurred *during* the 2023 *Carroll* appeal, the Court did not address Carroll's attempt to seek relief through the MDOC's ARP in that decision. *Carroll*, 371 So. 3d at 198 n.1.

A Tippah County grand jury indicted Carroll for felony DUI, fourth offense. Pursuant to an agreed motion by the district attorney and Carroll, the circuit court reduced the charge against Carroll to felony DUI, third offense. In his plea petition, Carroll acknowledged that in exchange for his offer to plead guilty to the reduced charge, the district attorney planned to recommend that he be sentenced to five years in the custody of the Mississippi Department of Corrections (MDOC) and fined $2,000. At the plea hearing held on May 4, 2021, the circuit court accepted Carroll's guilty plea and the district attorney's sentence recommendation. The written sentencing order also entered on May 4, 2021, reflected Carroll's sentence of five years in MDOC's custody and a fine of $2,000. Although the sentencing order did not suspend any part of Carroll's sentence, the order contained language that stated "the suspension of said sentence is based upon the following conditions[,]" with those conditions specified in subparts (a) through (n) of the order.

*Carroll*, 371 So. 3d at 197-98 (¶2).

¶7. "On June 4, 2021, Carroll filed a motion seeking clarification of [the Tippah County Circuit Court's May 2021 sentencing order]." *Id.* at 198 (¶3). In that motion, "Carroll asserted that the 'suspension' language found in the circuit court's written sentencing order seemed to indicate that at least part of his five-year sentence should be suspended." *Id.* The circuit court concluded that Carroll was essentially seeking "to 'challeng[e] the computation and operation of his sentence'"; therefore, "the circuit court found that Carroll was required to pursue relief through MDOC's [ARP] before seeking judicial relief." *Id.*

¶8. The circuit court determined that "[b]ecause Carroll had not yet initiated—much less exhausted—the steps for administrative remedy through MDOC before filing his motion, . . . [the court] lacked jurisdiction to rule on Carroll's claims. As a result, the circuit court entered an order on June 9, 2021, and denied Carroll's motion for lack of jurisdiction." *Id.*

¶9. After some procedural missteps, Carroll appealed the circuit court's June 9, 2021 order denying his motion for lack of jurisdiction. *Id.* at (¶4).

3

¶10. This Court affirmed the Tippah County Circuit Court's order denying judicial review for lack of jurisdiction because Carroll failed to exhaust available administrative relief through MDOC's ARP. *Id.* at 199 (¶7).

¶11. In a footnote, we observed that "[i]t appears from the record that *after* the entry of the [Tippah County] [C]ircuit [C]ourt's June 9, 2021 order, Carroll initiated a request for relief through MDOC's ARP on or about July 25, 2021." *Id.* at 198 n.1 (emphasis added). We found that "[b]ased on the procedural history of this case, however, Carroll's pursuit of relief through MDOC's ARP. . . [is] not properly before this Court at this time." *Id.* As such, the 2023 *Carroll* decision does not discuss or address what effect, if any, Carroll's ARP review request had on that appeal.

## II. The Current Appeal

¶12. In this appeal, however, we take into consideration Carroll's "Request for Administrative Remedy" that he filed with MDOC on July 25, 2021. In that ARP request, Carroll sought the following relief: "Relief Requested: That I be released from prison an[d] put in the facility designated by M.D.O.C. commonly known as probation, house arrest, intense supervision program or monitoring device with their many restrictions, in accordance with the sentencing order."

¶13. On December 8, 2021, MDOC rejected Carroll's request "for the following reason[]: Relief is beyond the power of the [ARP] to grant." Carroll received the ARP rejection decision on January 24, 2022.

¶14. On February 7, 2024, Carroll filed a "Petition for Judicial Review of a Final A.R.P.

4

Decision" in the Marshall County Circuit Court. Because Carroll was incarcerated in Rankin County, the court transferred Carroll's petition to the Rankin County Circuit Court. *See Easterling v. State*, 283 So. 3d 1198, 1200 n.2 (Miss. Ct. App. 2019).

¶15. Although Carroll titled his February 2024 court pleading a "Petition for Judicial Review of a Final A.R.P. Decision," upon review we find that it is clear Carroll simply reasserted his previous request from June 2021 for clarification of the May 2021 sentencing order entered by the Tippah County Circuit Court. *See Carroll*, 371 So. 3d at 198-99 (¶¶3, 6). As he did in the 2023 appeal, Carroll asserted that he was originally offered a reduced charge of felony DUI, third offense, and five years in MDOC's custody in exchange for his guilty plea. Carroll was eligible for felony DUI, fourth offense, and took the plea deal to reduce the charge. According to Carroll, however, that sentence was changed to "5 yrs. suspended sentence [b]ased upon the stipulations of 14 written out probation conditions." Carroll requested that the circuit court "[h]onor this sentencing order or render it illegal."

¶16. The Rankin County Circuit Court dismissed Carroll's petition on two grounds, and only one is relevant here.[2] The circuit court found that it lacked jurisdiction over Carroll's request because the ARP rejection decision was not "a final, appealable decision," as follows:

> Petitioner seeks review of the application and computation of his sentence as

---

[2] The circuit court's other ground for dismissal was that it "lack[ed] personal jurisdiction over Respondent [(the State of Mississippi)]" because Carroll failed to properly serve the necessary parties with proper notice. In the circuit court's Order Denying Reconsideration, the court recognized that Carroll had attempted to correct the service deficiencies in his original filing, but the circuit court found that it still lacked jurisdiction because the ARP rejection decision was not a final, appealable decision.

reflected on his MDOC timesheet. However, he only attached a rejection letter which reveals his request was not accepted into the . . . ARP. This letter is not a final, appealable decision. Therefore, the Court lacks jurisdiction to consider the motion for this additional reason.

Carroll moved for reconsideration, which the circuit court denied upon reiterating that the court lacked jurisdiction over the matter.

¶17.    Carroll appeals, ultimately requesting he be released on probation according to *his* interpretation of the May 2021 sentencing order from the Tippah County Circuit Court.

**STANDARD OF REVIEW**

¶18.    "The question of the exhaustion of administrative remedies is a jurisdictional question." *Walker v. Miss. State Parole Bd.*, 399 So. 3d 949, 951 (¶5) (Miss. Ct. App. 2025). "Jurisdictional matters are a question of law, and the standard of review is de novo." *Id*.

**DISCUSSION**

¶19.    On appeal, just as he did in his earlier appeal, Carroll essentially seeks "clarification of the computation and operation of his sentence." *See Carroll*, 371 So. 3d at 199 (¶6). "[I]f the operation of the sentence is confusing to the petitioner, . . . the proper procedure is for a prisoner to seek relief through the administrative processes of the Department of Corrections." *Id.* at 198-99 (¶5). In this regard, Mississippi Code Annotated section 47-5-803(2) (Rev. 2023) states in relevant part: "No state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative review procedure unless and until such offender shall have exhausted the remedies as provided in such procedure."

¶20.    In this case, although Carroll sought relief through the MDOC's ARP, it was not the

*same* relief that he sought in the circuit court and now seeks on appeal. Specifically, Carroll's July 2021 ARP request for review provides: "Relief Requested: That I be released from prison an[d] put in the facility designated by M.D.O.C. commonly known as probation, house arrest, intense supervision program or monitoring device with their many restrictions, in accordance with the sentencing order." We find that a plain reading of Carroll's July 2021 ARP request shows he did not seek clarification of his sentence in that request. Rather, Carroll requested MDOC to release him on probation, which differs from the relief that Carroll sought afterward in the circuit court (in February 2024) and now seeks on appeal, which is clarification of his May 2021 sentencing order. Accordingly, because Carroll did not initiate or pursue his available administrative relief through the MDOC's ARP on *this* issue, we find that the circuit court correctly dismissed his petition for lack of jurisdiction. Miss. Code Ann. § 47-5-803(2); *Carroll*, 371 So. 3d at 198 (¶5).

¶21. We further note that even if Carroll's ARP request for relief and the ARP's subsequent rejection decision encompassed the issue before us, the circuit court would still lack jurisdiction to hear this matter because Carroll would be seeking judicial review of an administrative decision far beyond the applicable thirty-day limitations period. Miss. Code Ann. § 47-5-807 (Rev. 2023). Section 47-5-807 provides: "Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision."

¶22. In this case, Carroll filed his ARP request in July 2021. Carroll received notice of the

7

ARP's rejection decision on January 24, 2022. Carroll, however, did not file his request for judicial review in the Marshall County Circuit Court until February 2024. As such, Carroll sought judicial review of that ARP rejection decision nearly two years too late, well beyond the thirty-day deadline for seeking judicial review of "an adverse decision rendered pursuant to any administrative review procedure," as set by section 47-5-807. As this Court recently emphasized, "[*f*]*iling within the statutorily*[]*mandated time is jurisdictional*. The failure to timely seek judicial review of an administrative remedy program decision will result in dismissal." *Everett v. State*, 399 So. 3d 947, 949 (¶4) (Miss. Ct. App. 2025) (quotation mark and citation omitted) (quoting *Stanley v. Turner*, 846 So. 2d 279, 282 (¶11) (Miss. Ct. App. 2003)).

¶23.    We address one final point. The circuit court found that the MDOC's response to Carroll was not a final, appealable decision appropriate for judicial review under section 47-5-807. We disagree. In *Roberson v. Fisher*, 303 So. 3d 788 (Miss. Ct. App. 2020), Roberson filed a request for an administrative remedy through the MDOC's ARP challenging "MDOC Policy Number 15-03-01," which restricted sex offenders from receiving meritorious earned time. *Id.* at 789 (¶2). Just like in Carroll's case, MDOC, through the ARP, rejected Roberson's request because it was "beyond the power" of MDOC to grant. *Id.* Roberson filed a motion for judicial review within two weeks of receiving MDOC's denial of his request. *Id.*

¶24.    On appeal, among other issues, MDOC asserted that Roberson "failed to comply with the thirty-day statute of limitations [pursuant to section 47-5-807]." *Id.* at 791 (¶14). In

8

relevant part, this Court rejected that argument, finding:

> *Roberson received MDOC's denial of his request on October 31, 2016.* And he filed his motion for judicial review on November 9, 2016, which was within the thirty-day appeal deadline. Therefore, Roberson sought his judicial review within the thirty days required by the statute, and the circuit court had jurisdiction to consider it.

*Id.* at 792 (¶15) (emphasis added).

¶25. As the emphasized language in *Roberson* shows, we treated the ARP rejection decision as a "final" decision for purposes of starting the thirty-day limitations period for judicial review pursuant to section 47-5-807. Unlike the situation in *Roberson*, however, Carroll did not file his petition seeking judicial review of the ARP rejection decision until long after the thirty-day limitations period. Accordingly, even if Carroll had properly sought administrative relief on the *same* relief he sought in the circuit court and seeks on appeal, his petition would be time-barred pursuant to section 47-5-807.

## CONCLUSION

¶26. In conclusion, we find that Carroll sought clarification of the May 2021 sentencing order in the circuit court and seeks the same relief on appeal. Because Carroll did not begin—or exhaust—the available administrative process through the MDOC's ARP on *this* issue, we find that the circuit court correctly dismissed Carroll's petition for lack of jurisdiction.

¶27. We recognize that in July 2021, Carroll did pursue administrative relief on a separate issue from the issue he had raised in June 2021, and we find that he did obtain a "final" ARP decision in that latter process. But as we have pointed out, the administrative relief he sought

9

through ARP in July 2021 was not the same relief he subsequently sought in the circuit court in February 2024 or on appeal now. In any event, even if Carroll's ARP request for relief in July 2021 and subsequent ARP rejection decision in January 2022 did encompass the claims he raises here, his petition seeking review of that ARP rejection decision is time-barred pursuant to section 47-5-807. As such, the circuit court properly dismissed Carroll's petition under this scenario as well.

¶28. For these reasons, we find that the circuit court reached the right result in dismissing Carroll's petition for lack of jurisdiction, albeit for the wrong reason.[3] The judgment of the circuit court is affirmed.[4]

¶29. **AFFIRMED.**

**McDONALD, LAWRENCE, McCARTY, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. BARNES, C.J., WILSON, P.J., WESTBROOKS AND EMFINGER, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

---

[3] As we addressed above, the circuit court dismissed Carroll's petition for failure to exhaust his administrative remedies, finding that the ARP rejection decision attached to Carroll's petition was not a final, appealable decision. We may, nevertheless, affirm the circuit court's dismissal for lack of jurisdiction in this case based upon the reasons we set forth above. *See Boone*, 148 So. 3d at 379 (¶7).

[4] Nothing in our decision prohibits Carroll from pursuing any administrative remedy or right to judicial review that may remain available to him.